[No. S091308. July 15, 2002.]

STEVE A. FILARSKY, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
CITY OF MANHATTAN BEACH, Real Party in Interest.

**COUNSEL**

Steve A. Filarsky, in pro. per., for Petitioner.

Davis Wright Tremaine and Kelli L. Sager for California First Amendment Coalition as Amicus Curiae on behalf of Petitioner.

No appearance for Respondent.

Robert V. Wadden, Jr., City Attorney, for Real Party in Interest.

Littler Mendelsohn, Arnold P. Peter, Bruce J. Sarchet, Janel R. Ablon and Laura S. Shipley for California State Association of Counties and League of California Cities as Amici Curiae on behalf of Real Party in Interest.

## OPINION

GEORGE, C. J.—Petitioner Steve A. Filarsky requested that real party in interest City of Manhattan Beach (the city) disclose certain documents pursuant to the California Public Records Act (Gov. Code, § 6250 et seq.) (hereafter referred to as the CPRA or the Act).[1] The city refused to disclose the requested documents, and petitioner stated his intent to file a judicial proceeding under section 6258 of the Act to compel disclosure. Before petitioner initiated such a proceeding, however, the city filed its own declaratory relief action pursuant to Code of Civil Procedure section 1060, seeking a declaration that the city was not required to disclose the records sought by petitioner. The city prevailed in that action, and the Court of Appeal denied petitioner's request for a writ of mandate to overturn the trial court's order declaring that the city was not required to disclose the documents. The Court of Appeal also held that the city properly could initiate a declaratory relief action pursuant to Code of Civil Procedure section 1060 to ascertain its obligation to disclose documents requested pursuant to the Act, even though petitioner had not commenced any litigation regarding his request for disclosure.

We granted review to decide whether a superior court properly may grant declaratory relief in an action initiated by a public agency solely to determine the agency's obligation to disclose documents to a member of the public after the agency has denied the person's request under the Act. As we shall explain, we conclude that the Legislature set forth in Government Code sections 6258 and 6259 the exclusive procedure for litigating the issue of a public agency's obligation to disclose records to a member of the public in these circumstances, and these provisions do not authorize a public agency in possession of the records to seek a judicial determination regarding its duty of disclosure.

Permitting a public agency to circumvent the established special statutory procedure by filing an ordinary declaratory relief action against a person who has not yet initiated litigation would eliminate statutory protections and incentives for members of the public in seeking disclosure of public records, require them to defend civil actions they otherwise might not have commenced, and discourage them from requesting records pursuant to the Act, thus frustrating the Legislature's purpose of furthering the fundamental right of every person in this state to have prompt access to information in the possession of public agencies. Therefore, we also conclude that the superior court abused its discretion in granting declaratory relief in the action initiated by the city pursuant to Code of Civil Procedure section 1060, and that

---

[1] Further undesignated statutory references are to the Government Code.

the court instead should have sustained petitioner's demurrer to the city's complaint. Accordingly, the judgment of the Court of Appeal is reversed.

I

In several letters sent to the city, petitioner, an attorney, sought disclosure of records related to the city's hiring of a police captain. After the city attorney denied his request for disclosure, petitioner wrote to the city: "I find your response most perplexing and am offering the City one more opportunity to provide the information requested before I seek court intervention." Petitioner's letter concluded: "Government Code section 6258 provides that any person may institute proceedings for injunctive or declaratory relief to enforce the right to inspect or receive a copy of any public record. A prevailing plaintiff in litigation filed pursuant to the Public Records Act is entitled to recover costs and reasonable attorneys fees[.] Government Code section 6259(d)."

In response, the city agreed to disclose only a small portion of the records requested by petitioner. The city also stated in a letter dated April 26, 1999: "You have indicated your intent to pursue this matter in court. We would certainly welcome the guidance of the court and may initiate that process ourselves." Indeed, that same day, the city filed its complaint for declaratory relief pursuant to Code of Civil Procedure section 1060. The complaint alleged that petitioner "has clearly indicated . . . his intent to file a legal action against the [c]ity if all the documents requested are not delivered to him." It further alleged that an actual controversy had arisen, because petitioner contended that he was entitled to disclosure of the records under the Act and the city disputed that contention. The complaint stated that the "[c]ity desires a judicial determination of its rights and duties under Government Code section 6250 et seq. . . . and a declaration as to whether or not [the city] has an obligation to provide [petitioner] with the records he has requested . . . . [¶] A judicial declaration is necessary and appropriate in that declaratory relief is the designated form of action *under the Public Records Act as set forth in Government Code section 6258*, [petitioner] claims an immediate right to the records demanded, important privacy and confidentiality rights of the affected employee are involved and the respective rights and duties of [petitioner] and [the city] *cannot otherwise be determined.*" (Italics added.) The complaint requested a declaration that the city had no legal duty to provide the documents to petitioner, and also sought costs and attorney fees.

In response to a letter from petitioner requesting that the city dismiss its action, the city wrote that the declaratory relief action was "an accommodation" of petitioner's desire to litigate the matter. The city's letter stated: "If

we are incorrect and you do not wish the matter to be litigated please so state in writing and we will promptly dismiss the case. However, if it is your desire to have this action dismissed so you can simply file a new action to litigate the same issues we will not do so."

Petitioner demurred to the city's complaint. He contended that the complaint failed to state a cause of action and that the trial court lacked jurisdiction, because a declaratory relief action pursuant to Code of Civil Procedure section 1060 could not be utilized to determine the validity of a request for public records. Petitioner's demurrer to the complaint was overruled, and the matter was submitted on the trial briefs of the parties. The court entered a minute order concluding that the documents requested by petitioner were not subject to disclosure as a matter of law. The notice of the order, prepared by the city, stated: "[A] final order granting declaratory relief in favor of [the city] in the above-captioned action was entered on January 25, 2000." As far as the record and the briefing indicate, the trial court did not award costs or attorney fees, and no judgment has been entered.

Petitioner filed a petition for writ of mandate pursuant to a provision in the Act stating that any order of the court supporting the decision of a public official refusing disclosure is not a final judgment or order within the meaning of Code of Civil Procedure section 904.1, from which an appeal may be taken, but that such an order immediately is reviewable by a petition for the issuance of an extraordinary writ. (Gov. Code, § 6259, subd. (c).) After issuing an order to show cause, the Court of Appeal determined that the city properly had brought its declaratory relief action pursuant to Code of Civil Procedure section 1060, and that the records were not subject to disclosure. Petitioner sought review of both conclusions.

We granted review but limited the issues to be briefed and argued in this court to the question whether a public agency is authorized to commence a declaratory relief action pursuant to Code of Civil Procedure section 1060 to determine its obligation to comply with a request by a member of the public that the agency disclose documents alleged to be public records, and whether the superior court properly may grant declaratory relief to a public agency in such an action.

II

The CPRA was modeled on the federal Freedom of Information Act (FOIA) (5 U.S.C. § 552 et seq.) and was enacted for the purpose of increasing freedom of information by giving members of the public access to information in the possession of public agencies. (*CBS, Inc. v. Block* (1986)

42 Cal.3d 646, 651 [230 Cal.Rptr. 362, 725 P.2d 470].) The Legislature has declared that such "access to information concerning the conduct of the people's business is a fundamental and necessary right of every person in this state." (Gov. Code, § 6250.)

A state or local agency, upon receiving a request by any person for a copy of public records, generally must determine within 10 days whether the request seeks public records in the possession of the agency that are subject to disclosure. (§ 6253, subd. (c).) If the agency determines that the requested records are not subject to disclosure, for example because the records fall within a statutory exemption (see § 6254), the agency promptly must notify the person making the request and provide the reasons for its determination. (§ 6253, subd. (c).)

The Act sets forth specific procedures for seeking a judicial determination of a public agency's obligation to disclose records in the event the agency denies a request by a member of the public. "Any person may institute proceedings for injunctive or declaratory relief or writ of mandate in any court of competent jurisdiction to enforce his or her right to inspect or to receive a copy of any public record or class of public records under [the Act]." (§ 6258.) The plain language of this provision contemplates a declaratory relief proceeding commenced only by an individual or entity seeking disclosure of public records, and not by the public agency from which disclosure is sought.

After a person commences such a proceeding, the court must set the times for responsive pleadings and for hearings "with the object of securing a decision . . . at the earliest possible time." (§ 6258.) If it appears from the plaintiff's verified petition that "certain public records are being improperly withheld from a member of the public," the court must order the individual withholding the records to disclose them or to show cause why he or she should not do so. (§ 6259, subd. (a).)

The court's order either directing disclosure by a public official or supporting the decision to refuse disclosure "is not a final judgment or order within the meaning of Section 904.1 of the Code of Civil Procedure from which an appeal may be taken, but shall be immediately reviewable by petition to the appellate court for the issuance of an extraordinary writ" filed within 20 days after service of the notice of entry of the order, or within an additional 20 days as the trial court may allow for good cause. (§ 6259, subd. (c).) ■ The purpose of the provision limiting appellate review of the trial court's order to a petition for extraordinary writ is to prohibit public agencies from delaying the disclosure of public records by appealing a trial

court decision and using continuances in order to frustrate the intent of the Act. (*Times Mirror Co. v. Superior Court* (1991) 53 Cal.3d 1325, 1334-1336 [283 Cal.Rptr. 893, 813 P.2d 240].) The legislative objective was to expedite the process and make the appellate remedy more effective. (*Powers v. City of Richmond* (1995) 10 Cal.4th 85, 112 [40 Cal.Rptr.2d 839, 893 P.2d 1160] (plur. opn. of Kennard, J.), 117-118 (conc. opn. of George, J.).) Indeed, the Act's provision regarding a public agency's obligation to act promptly upon receiving a request for disclosure (§ 6253, subd. (c)), the provision directing the trial court in a proceeding under the Act to reach a decision as soon as possible (§ 6258), and the provision for expedited appellate review (§ 6259, subd. (c)) all reflect a clear legislative intent that the determination of the obligation to disclose records requested from a public agency be made expeditiously.

The Act includes protections and incentives for members of the public to seek judicial enforcement of their right to inspect public records subject to disclosure. "The court shall award court costs and reasonable attorney fees to the plaintiff should the plaintiff prevail in litigation filed pursuant to this section. The costs and fees shall be paid by the public agency of which the public official is a member or employee and shall not become a personal liability of the public official. If the court finds that the plaintiff's case is *clearly frivolous*, it shall award court costs and reasonable attorney fees to the public agency." (§ 6259, subd. (d), italics added.) ▮ An award of costs and attorney fees pursuant to this provision is mandatory if the plaintiff prevails. (*Belth v. Garamendi* (1991) 232 Cal.App.3d 896, 899-900 [283 Cal.Rptr. 829].) On the other hand, if the defendant public agency prevails, the court lacks legal authority to award costs to the agency—even though the agency would be entitled to costs in an ordinary action—unless the action is frivolous. "Although the City might ordinarily be entitled to its costs as the party prevailing in the lawsuit under Code of Civil Procedure section 1032, the Legislature has provided otherwise in cases brought pursuant to the Act. In cases brought pursuant to the Act, the Legislature has expressly limited an award of costs to the public agency to those actions in which the plaintiff's case is clearly frivolous. As such, the specific provisions of the Act must prevail over the more general provision of the Code of Civil Procedure. [Citations.]" (*Rogers v. Superior Court* (1993) 19 Cal.App.4th 469, 484 [23 Cal.Rptr.2d 412].)

We subsequently agreed with the Court of Appeal's interpretation of the statute in *Rogers*: "This statutory provision quite clearly addresses the circumstances under which both a plaintiff and a defendant can obtain an award of costs (and attorney fees) following a Public Records Act lawsuit. For the plaintiff, he or she must 'prevail in litigation filed pursuant to this

section.' (Gov. Code, § 6259, subd. (d).) For a defendant public agency, it must both prevail and have the trial court conclude the plaintiff's case was 'clearly frivolous.' (*Ibid.*)" (*Murillo v. Fleetwood Enterprises, Inc.* (1998) 17 Cal.4th 985, 997 [73 Cal.Rptr.2d 682, 953 P.2d 858], italics omitted.) Thus, unless the plaintiff initiates litigation pursuant to section 6258 that is clearly frivolous, the plaintiff is insulated from liability for the public agency's costs incurred in defending the action.

The foregoing special statutory procedures governing a judicial proceeding arising under the Act are significantly different from the procedures applicable in an ordinary action for declaratory relief pursuant to Code of Civil Procedure section 1060. Unlike Government Code section 6258, which limits declaratory relief proceedings to those initiated by individuals or entities seeking disclosure of public records, Code of Civil Procedure section 1060 generally authorizes governmental agencies to commence any type of declaratory relief action.[2] (*Hoyt v. Board of Civil Service Commrs.* (1942) 21 Cal.2d 399, 401-404 [132 P.2d 804].) In addition, although ordinary actions for declaratory relief generally must be set for *trial* at the earliest possible date (Code Civ. Proc., § 1062.3), the court is not expressly obligated to schedule responsive pleadings and hearings in order to facilitate a prompt decision. Furthermore, in an ordinary declaratory relief action, the prevailing party *is* entitled to court costs (*id.*, § 1032; see *Spiva v. Phoenix Indemnity Co.* (1959) 167 Cal.App.2d 496, 498 [334 P.2d 614]), but the prevailing party is *not* entitled to attorney fees in the absence of a contractual provision so providing (*Spiva v. Phoenix Indemnity Co., supra,* 167 Cal.App.2d at pp. 498-499). Moreover, a judgment ordinarily constitutes the final resolution of an action for declaratory relief pursuant to Code of Civil Procedure section 1060 (see *Maguire v. Hibernia S. & L. Soc.* (1944) 23 Cal.2d 719, 729-731 [146 P.2d 673, 151 A.L.R. 1062]), and such a judgment is appealable pursuant to Code of Civil Procedure section 904.1, subdivision (a)(1).

█ In sum, there are at least four important distinctions between proceedings arising under the Act and ordinary declaratory relief actions. First, under the Act, only a person seeking disclosure—not the public agency in possession of the records—may seek a judicial declaration regarding the

---

[2]Code of Civil Procedure section 1060 states in relevant part: "Any person . . . who desires a declaration of his or her rights or duties with respect to another . . . may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action . . . in the superior court . . . for a declaration of his or her rights and duties in the premises . . . . He or she may ask for a declaration of rights or duties, either alone or with other relief; and the court may make a binding declaration of these rights or duties, whether or not further relief is or could be claimed at the time. The declaration may be either affirmative or negative in form and effect, and the declaration shall have the force of a final judgment. . . ."

agency's obligation to disclose a document. In an ordinary declaratory relief action, however, either party to a controversy may initiate the action. Second, in a proceeding under the Act, the court must schedule the filing of responsive pleadings and hearings in order to reach a decision as soon as possible. Such a requirement is not imposed upon courts in an ordinary declaratory relief action. Third, if a person initiates a proceeding under the Act, he or she must be awarded attorney fees and costs if he or she prevails, and the defendant public agency cannot recover fees or costs unless the proceeding is frivolous. In contrast, in a declaratory relief action, a member of the public seeking disclosure cannot recover attorney fees if he or she prevails, and a prevailing public agency may recover costs even if the individual's request for disclosure is not frivolous. Fourth, appellate review of the superior court's ruling in a proceeding under the Act must be by a petition for writ of mandate filed no more than 40 days after notice of the ruling. On the other hand, a public agency may appeal from a declaratory judgment requiring disclosure of the records, thus delaying disclosure for a significant period of time.

These distinctions establish that permitting a public agency to file a preemptive declaratory relief action to determine its obligation to disclose records to a member of the public would eliminate important incentives and protections for individuals requesting public records. Members of the public could be discouraged from requesting records, because a simple request for disclosure and a denial by the public agency could require the individual to defend a civil action in which he or she would be liable for costs if the agency prevailed, and in which the individual would not recoup attorney fees if he or she succeeded. The initiation of an ordinary declaratory relief action also could delay disclosure of the documents for a lengthy period, because the court would be under no statutory obligation to schedule briefing and hearings to expedite a decision, as would a court in a proceeding pursuant to the Act. Moreover, in a declaratory relief action pursuant to Code of Civil Procedure section 1060, a public agency could appeal from a judgment in favor of the individual or entity seeking disclosure, thus further delaying a determination whether the records must be disclosed and thwarting the clear intent of the Legislature that the matter be resolved expeditiously.

In the present case, the trial court apparently determined that it was possible to apply provisions of the Act to an ordinary declaratory relief proceeding. For example, the action for declaratory relief filed by the city, although denominated an action pursuant to Code of Civil Procedure section 1060, has been litigated in a manner suggesting that the parties and the trial court considered the action to be the practical equivalent of a proceeding under the Act. Thus, the city's complaint alleged that "declaratory relief is

the designated form of action" under the Act as set forth in Government Code section 6258, and the complaint sought attorney fees, which are unavailable in an ordinary declaratory relief action. In addition, rather than entering a *judgment* declaring that disclosure is not required, the court entered an *order* granting declaratory relief in favor of the city. Although Code of Civil Procedure section 1060 specifies that the court's declaration "shall have the force of a final judgment," which may be appealed pursuant to Code of Civil Procedure section 904.1, petitioner sought a writ of mandate to review the trial court's "final order" pursuant to Government Code section 6259, subdivision (c), which governs appellate review of proceedings brought under the Act.

Indeed, in this court the city contends that in a declaratory relief action initiated by a public agency pursuant to Code of Civil Procedure section 1060, a defendant who obtains a ruling compelling the agency to produce documents pursuant to the Act is entitled to recover attorney fees and costs pursuant to Government Code section 6259, subdivision (d). In addition, according to the city, the defendant in such an action possesses a right to expedited writ review, as authorized by section 6259, subdivision (c).

The city's position in this regard is consistent with the Court of Appeal's decision in *Fontana Police Dept. v. Villegas-Banuelos* (1999) 74 Cal.App.4th 1249 [88 Cal.Rptr.2d 641] (*Fontana Police Dept.*), which considered an action filed by a public agency seeking a protective order to preclude the production of public records requested by the defendant. The appellate court determined that the action was the "functional equivalent" of a proceeding under the Act, and that therefore the prevailing defendant who succeeded in obtaining production of the records was entitled to attorney fees and costs pursuant to section 6259, subdivision (d). (*Fontana Police Dept., supra*, 74 Cal.App.4th at p. 1253.) The only issue on appeal in that matter, however, was the defendant's entitlement to attorney fees and costs, and the decision did not consider the propriety of the public agency's initiation of an action for a protective order to preclude disclosure of the public records pursuant to the defendant's request under the Act.

Neither the decision in *Fontana Police Dept., supra*, 74 Cal.App.4th 1249, nor the arguments of the city in the present case, provide any reasoned basis for selecting which of the special statutory provisions governing judicial proceedings conducted pursuant to the Act should apply to declaratory relief actions filed by public entities pursuant to Code of Civil Procedure section 1060 in the circumstances now before us, and which should not apply. For example, the city does not explain why the foregoing isolated provisions in the Act—regarding attorney fees and appellate review—should be deemed

applicable in an ordinary declaratory relief action initiated by a public agency, but other provisions of the Act—including the statute specifying that judicial proceedings conducted pursuant to the Act may be commenced only by a person seeking disclosure of documents (§ 6258)—should not apply. The provision authorizing an award of attorney fees to a prevailing plaintiff is limited expressly to litigation *filed pursuant to section 6259*. (§ 6259, subd. (d).) This provision also reflects a legislative intent that the plaintiff in a proceeding pursuant to sections 6258 and 6259 cannot be the public agency from which disclosure is sought, because the provision contemplates that the public agency always will pay any costs and attorney fees "should the plaintiff prevail." (§ 6259, subd. (d).) The provision authorizing expedited writ review authorizes a party to file a petition for extraordinary writ *upon entry of an order pursuant to section 6259*. (§ 6259, subd. (c).) If these special statutory procedures nevertheless govern an ordinary declaratory relief action filed by a public agency pursuant to Code of Civil Procedure section 1060, as the city contends, the procedures and limitations of section 6258 also should apply. As we have seen, section 6258 limits the declaratory relief proceedings it authorizes to those initiated by persons seeking to enforce their right to inspect or to obtain disclosure of public records.

The city maintains that public agencies must be permitted to initiate declaratory relief actions to determine their rights and obligations under the Act, because a public agency might deny the request of another public agency for inspection of public records, necessitating litigation to determine whether such records must be disclosed. The present case does not involve such a dispute, however, and we have no occasion to decide whether a public agency is authorized to initiate a judicial proceeding to enforce a right to inspect or to seek disclosure of public records in the possession of another public agency.

We also have no occasion in the present case to determine whether a third party possesses the right to seek a judicial ruling precluding a public agency from disclosing documents pursuant to the CPRA. (See, e.g., Civ. Code, § 1798.45.) Such an action, known as a "reverse FOIA" case pursuant to the federal counterpart of the CPRA, has been held to be authorized by a specific federal statute authorizing judicial review of agency actions that adversely affect another person. (5 U.S.C. § 702; *Campaign for Family Farms v. Glickman* (8th Cir. 2000) 200 F.3d 1180, 1184.) The United States Supreme Court has recognized, however, that the FOIA itself provides only a cause of action to compel disclosure—not an action to prohibit disclosure. (*Chrysler Corp. v. Brown* (1979) 441 U.S. 281, 290-294 [99 S.Ct. 1705, 1711-1714, 60 L.Ed.2d 208].)

Amici curiae California State Association of Counties and League of California Cities contend that a federal district court's power to grant

equitable relief in an FOIA case is not limited to granting only the remedies set forth in the FOIA, and that the CPRA should be construed in a similar manner to authorize the type of declaratory relief sought by the city in the present case. Amici curiae rely upon the high court's decision in *Renegotiation Board v. Bannercraft Co.* (1974) 415 U.S. 1, 18-25 [94 S.Ct. 1028, 1037-1041, 39 L.Ed.2d 123], which suggested that in a proceeding initiated by government contractors pursuant to the FOIA, the district court's equity powers were not limited to those specified in the FOIA and could extend to enjoining action by a public agency. The high court considered it unnecessary to decide that issue, however, because it determined that the district court had erred in enjoining the defendant agency from engaging in contract negotiations pending the determination of the contractors' FOIA claim. Such a result, the court reasoned, would permit the contractors to use the FOIA to achieve a particular result in administrative proceedings through judicial interference. Contrary to the contention of amici curiae, the cited decision does not provide any guidance in resolving the only issue presented here— whether a California superior court should grant declaratory relief in an action initiated by a public agency solely to determine the agency's obligation to disclose documents to a member of the public after the agency has denied the person's request under the CPRA.

■ As established above, Government Code sections 6258 and 6259 do not authorize a public agency to initiate a proceeding under the Act to determine that agency's obligation to disclose documents to a member of the public. This limitation is logical and consistent with the policies underlying the Act. If the person requesting the records does not deem it worthwhile to bring a judicial proceeding to compel disclosure after a public agency has denied a request for disclosure, no litigation will occur and the records will not be disclosed. Even if the request implicates important unresolved legal questions, such questions are not ripe for adjudication unless and until a person files a judicial proceeding pursuant to section 6258 that would require the resolution of these questions. A public agency's initiation of an action regarding disclosure *before* a person commences litigation to require disclosure frustrates the purpose of the Act by discouraging requests for public records and requiring persons who make such requests to defend lawsuits they otherwise might not initiate. It also results in a waste of judicial resources. A person might threaten to commence a lawsuit, but such a threat often results in no actual litigation.

Having determined that the Act does not authorize a public agency to initiate an action to determine the agency's obligation to disclose public records after the agency denies a request for disclosure, and that permitting a public agency to maintain such an action would thwart the intent and

purpose of the Act, we next consider whether Code of Civil Procedure section 1060 nevertheless authorizes a public agency to bring a declaratory relief action to determine whether it must disclose public records. We conclude that in enacting sections 6258 and 6259, the Legislature specified the exclusive procedure in these circumstances for litigating disputes regarding a person's right to obtain disclosure of public records under the Act, and that a superior court abuses its discretion in bypassing this statutory procedure and granting declaratory relief in an action initiated by a public agency pursuant to Code of Civil Procedure section 1060.

■ "The court may refuse to [grant declaratory relief] in any case where its declaration or determination is not necessary or proper at the time under all the circumstances." (Code Civ. Proc., § 1061.) The trial court's decision to entertain an action for declaratory relief is reviewable for abuse of discretion. (*Cutting v. Bryan* (1929) 206 Cal. 254, 257 [274 P. 326].) The mere circumstance that another remedy is available is an insufficient ground for refusing declaratory relief, and doubts regarding the propriety of an action for declaratory relief pursuant to Code of Civil Procedure section 1060 generally are resolved in favor of granting relief. (Code Civ. Proc., § 1062 [declaratory relief is cumulative to other remedies]; 5 Witkin, Cal. Procedure (4th ed. 1997) Pleading, § 822, p. 278.)

Even if the trial court possesses subject matter jurisdiction in a declaratory relief action filed pursuant to Code of Civil Procedure section 1060, however, the court properly may refuse to grant relief where an appropriate procedure has been provided by special statute and the court believes that more effective relief can and should be obtained through that procedure. (*Holden v. Arnebergh* (1968) 265 Cal.App.2d 87, 91-92 [71 Cal.Rptr. 401]; see 5 Witkin, Cal. Procedure, *supra*, Pleading, §§ 822, 824, pp. 278, 280.) Although some decisions state that in order to deny declaratory relief on this ground, the alternative remedy must be available to the plaintiff (e.g., *Maguire v. Hibernia S. & L. Soc., supra*, 23 Cal.2d 719, 732), these decisions have not considered a situation where, as here, a special statutory scheme reflects an intention to *deny* the plaintiff the opportunity to seek declaratory relief, and where authorizing such relief pursuant to Code of Civil Procedure section 1060 would violate the policies underlying the statutory scheme. (Cf. *West Coast Poultry Co. v. Glasner* (1965) 231 Cal.App.2d 747, 751-752 [42 Cal.Rptr. 297] [trial court properly dismissed private litigant's action for declaratory relief where determination of the controversy more properly was within the power of the state civil service and personnel boards].) In such a situation, the superior court would abuse its discretion if it permitted the plaintiff, by initiating an ordinary declaratory relief action, to circumvent the particular procedures and other provisions specified by the Legislature in the statutory scheme that was intended to govern such disputes.

A public agency might possess legitimate reasons for seeking a judicial declaration, before litigation is filed pursuant to the Act, regarding the agency's obligation to disclose public records. (*City of Santa Rosa v. Press Democrat* (1986) 187 Cal.App.3d 1315, 1322 [232 Cal.Rptr. 445].) For example, as the city contends, where an agency has been accused publicly of violating the Act, the agency might wish to obtain a judicial determination that its denial of a request for records was justified. The record in the present case, including the exchange of letters between the parties and the circumstance that the city's complaint sought attorney fees (which are available only to a prevailing *plaintiff* in a proceeding under the Act), also suggests the possibility that the city filed its declaratory relief action in order to gain a tactical advantage, however. The city does not contend that it or any third person would have suffered any prejudice had it not initiated the underlying declaratory relief action to ascertain its obligation to disclose the documents to petitioner. If petitioner chose not to file an action pursuant to section 6258, the city would not have been required to disclose the requested records. If petitioner had filed an action seeking to compel disclosure pursuant to the Act, the city could have raised all the contentions it successfully raised in its own declaratory relief action. The city contends that if such an action had been filed by petitioner instead of by the city, the only difference would have been in the caption of the case.

Whatever a public agency's motivation for initiating a declaratory relief action in these circumstances, authorizing the agency to commence such an action would chill the rights of individuals to obtain disclosure of public records, require such individuals to incur fees and costs in defending civil actions they otherwise might not have initiated, and clearly thwart the Act's purpose of ensuring speedy public access to vital information regarding the government's conduct of its business. (See *CBS, Inc. v. Block, supra,* 42 Cal.3d 646, 656.) "In light of the clear legislative objective to promote disclosure which underlies the CPRA, we find no reason to imply a countervailing intention to subject a requester of information to a potential civil action instituted by the government agency for the purpose of testing the legitimacy of the request. Rather than promoting the goals of open government and full disclosure, such a result would be at war with the very purpose of the CPRA and would effectively discourage requests for disclosure by a member of the public or representative surrogate." (*City of Santa Rosa v. Press Democrat, supra,* 187 Cal.App.3d 1315, 1323.)

■ We determine that the superior court abused its discretion by granting declaratory relief in the action filed by the city pursuant to Code of Civil Procedure section 1060 solely for the purpose of ascertaining the city's obligation to disclose records to petitioner, after the city denied his request

under the CPRA. The superior court should have sustained petitioner's demurrer to the complaint on the grounds that (1) Government Code sections 6258 and 6259 set forth the exclusive means under these circumstances for litigating the question whether the requested records must be disclosed, (2) litigation of the matter pursuant to those provisions is the more appropriate procedure for granting effective relief, and (3) those provisions do not authorize the city to initiate a judicial proceeding to determine its obligation to disclose public records that have been requested pursuant to the Act.

### III

The judgment of the Court of Appeal is reversed with directions to vacate that court's decision denying the petition and to issue a writ of mandate compelling the superior court to vacate its order granting declaratory relief and to enter an order sustaining petitioner's demurrer to the complaint.

Kennard, J., Baxter, J., Werdegar, J., Chin, J., Brown, J., and Moreno, J., concurred.