**ELECTRONIC ARTS INC., a Delaware Corporation, Plaintiff—Appellant,**

v.

**HEBREW UNIVERSITY OF JERUSALEM, an Israeli Non–Profit Corporation, Defendant—Appellee.**

Electronic Arts Inc., a Delaware
Corporation, Plaintiff—
Appellee,

v.

Hebrew University of Jerusalem, an
Israeli Non–Profit Corporation,
Defendant—Appellant.

Nos. 03–15270, 03–15348.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 15, 2004.

Decided May 7, 2004.

Neil Lloyd Shapiro, Attorney at Law, Monterey, CA, Tyler B. Theis, Anthony T. Falzone, Bingham McCutchen LLP, San Franciso, CA, for Plaintiff–Appellant.

Kathleen V. Fisher, David J. Stone, Esq. Morrison & Foerster, LLP, San Francisco, CA, Shirley M. Hufstedler, Esq., Morrison & Foerster, LLP, Los Angeles, CA, for Defendant–Appellee.

Before: T.G. NELSON, W. FLETCHER, and BERZON, Circuit Judges.

## MEMORANDUM *

Electronic Arts, Inc. ("EA") appeals the district court's January 21, 2003, order denying its request for attorneys' fees pur-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

suant to the Astaire Celebrity Image Protection Act, Cal. Civ.Code § 3344.1. Hebrew University in Jerusalem ("HUJ") cross appeals the district court's denial of its request for an award of costs and argues that the district court lacked subject matter jurisdiction over the suit. We affirm the district court's order with respect to subject matter jurisdiction and costs; reverse the order with respect to the availability of attorneys' fees; and remand for a determination of whether EA is the prevailing party and, if so, of the amount of fees.

Because the parties are familiar with the record, we recite only the facts necessary to explain our decision.

## 1. Jurisdiction

We review *de novo* the existence of subject matter jurisdiction and review for clear error the district court's findings of fact relevant to its determination of subject matter jurisdiction. *See United States v. Peninsula Comm., Inc.*, 287 F.3d 832, 836 (9th Cir.2002).

The district court asserted jurisdiction over EA's request for declaratory judgment that its use of Albert Einstein's likeness in its *Command & Conquer* video game series did not infringe on HUJ's post-mortem publicity rights under the Declaratory Judgment Act, 28 U.S.C. § 2201. "The purpose of the Declaratory Judgment Act is 'to relieve potential defendants from the Damoclean threat of impending litigation which a harassing adversary might brandish, while initiating suit at his leisure—or never.'" *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 (9th Cir.1990) (quoting *Societe de Conditionnement v. Hunter Eng'g Co.*, 655 F.2d 938, 943 (9th Cir.1981)). When an actual controversy exists, 28 U.S.C. § 2201(a) states that the court's exercise of that jurisdiction is discretionary:

> In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

■ The district court exercised its jurisdiction after determining that an actual controversy existed. The district court's factual findings support that determination and are consistent with the record. HUJ alleged in communications with EA that EA's use of Albert Einstein's likeness in the *Command & Conquer* video game series constituted an infringement of its postmortem publicity rights, and that although HUJ preferred to settle the dispute amicably, it was prepared to refer the matter to its "aggressive" outside litigator. That assertion is sufficient to establish a case or controversy even if one assumes that an explicit threat of litigation is necessary to establish a case or controversy in an intellectual property declaratory judgment action. *See, e.g., EMC Corp. v. Norand Corp.*, 89 F.3d 807, 811–12 (Fed.Cir.1996). We therefore do not decide whether such a threat is essential.

## 2. Attorneys' Fees

Under California law, attorneys' fees are unavailable in an ordinary declaratory relief action unless a statute provides for them. *See Filarsky v. Superior Court*, 28 Cal.4th 419, 430, 121 Cal.Rptr.2d 844, 49 P.3d 194 (2002). California Civil Code § 3344.1, the statute at issue here, provides for the award of attorneys' fees to

the "prevailing party or parties in any action under" it.

EA argues that its declaratory judgment action is brought "under" § 3344.1 and triggers the mandatory attorneys' fees clause. Relying on *Filarsky*, the district court rejected this contention, holding that § 3344.1 does not contemplate any actions brought by the alleged infringer.

In *Filarsky*, the California Supreme Court rejected the position that a declaratory judgment action under the general California declaratory judgment statute, Cal.Civ.Proc.Code § 1060, is the "functional equivalent" of an action brought under Cal. Gov.Code §§ 6258 and 6259. *Id.* Section 6258 allows any person to bring an injunctive or declaratory judgment action for the inspection of public records. Section 6259(d) requires the award of costs and attorneys' fees against (1) the public agency "should the plaintiff prevail in litigation filed pursuant to this section" or (2) the plaintiff "[i]f the court finds that the plaintiff's case is clearly frivolous."

Section 3344.1 is quite different from the statutory scheme at issue in *Filarsky*. Most obviously, § 3344.1 does not address declaratory judgment actions. Instead, it broadly provides for liability to holders of post-mortem publicity rights when those rights are violated. Unlike Cal. Gov.Code § 6258, § 3344.1 does not specify which of the affected parties may bring suit. Instead, it refers to "the person who violated the section" and "the injured party or parties." Similarly, with respect to attorneys' fees, § 3344.1 provides that attorneys' fees will be awarded to the prevailing party, regardless of whether the prevailing party is the holder of the publicity rights or the alleged infringer. Further, the legislature considered and rejected restricting attorneys' fees to the "injured party." Thus, the broad language of § 3344.1, unlike the statute at issue in *Filarsky*, does not re-

strict to one affected party or the other the authority to bring suit "under" the statute *or* to receive attorneys' fees.

In these respects, § 3344.1 is similar to the federal Copyright Act, 17 U.S.C. § 505. Section 505 provides for a discretionary award of attorneys' fees to the "prevailing party" in "any civil action *under* it." (Emphasis added.) Courts have interpreted that provision to permit fees for declaratory judgement plaintiffs. *See, e.g., Margo v. Weiss*, 213 F.3d 55, 65 (2nd Cir.2000). The almost identical language in § 3344.1 should be interpreted and applied the same way.

■ We conclude that an action brought to declare the rights and responsibilities of affected parties under § 3344.1 is brought under the statute regardless whether the suit is filed by the person who allegedly violated the statute or the injured party. Consequently, attorneys' fees in such an action are available to the declaratory judgment plaintiff if it prevails.

Because it regarded fees as unavailable to EA under § 3344.1, the district court did not reach the issue of whether EA qualified as a prevailing party under the statute. EA argues that, as a matter of law, it qualifies as a prevailing party under the catalyst theory, and urges us to so decide. We decline to address the issue.

Both parties assume that the catalyst theory ought to be used to determine whether EA is the prevailing party. Currently pending before the California Supreme Court, however, is the question whether California should reconsider the catalyst theory in light of *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001) which rejected the catalyst theory. *See Graham v. DaimlerChrysler Corp.*, 2002 WL 31732556 (Cal.Ct.App.2002), *review grant-*

*ed* Feb. 19, 2003; *cf. Stanley v. California State Lottery Comm'n,* 4 Cal.Rptr.3d 861, 870 & n. 5 (Cal.Ct.App.2003) (questioning whether the catalyst theory remains viable in California after *Buckhannon* and noting the granting of review in *Graham* ), *review granted,* 7 Cal.Rptr.3d 776, 81 P.3d 221 (2003) ("Further action in this matter is deferred pending consideration of a related issue in *Graham v. Daimler Corp.,* S112862 and *Tipton–Whittingham v. City of Los Angeles,* S112943").[1]

Given the factual intricacies underlying the prevailing party determination in this case, the lack of a previous finding by the district court, and the uncertainty on the applicable law, we remand the prevailing party determination to the district court.

### 3. HUJ's Costs

Because HUJ's request for costs was premised on the applicability of state law instead of Federal Rule of Civil Procedure 68, a recent decision of this court forecloses its cross-appeal for costs. *See Champion Produce, Inc. v. Ruby Robinson Co.,* 342 F.3d 1016, 1027–28 (9th Cir. 2003) (holding that Fed.R.Civ.P. 68 must be applied without regard to the source of the subject matter jurisdiction or the substantive law at issue).

**REVERSED AND REMANDED**

---

1. A panel of the Ninth Circuit certified the same question to the California Supreme Court and stayed resolution of the case under review pending a decision by the state court. *See Tipton–Whittingham v. City of L.A.,* 316 F.3d 1058, 1062–63 (9th Cir.2003) (certifying the question as to whether attorneys' fees could be awarded under California law given the Supreme Court's recent rejection in *Buckhannon* of the catalyst theory for prevailing party attorneys' fees and the California courts' traditional construction of state attorneys' fees law in accordance with analogous federal statutory law).