Filed 3/9/21  Ryan v. City of Roseville CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| RICHARD RYAN et al., | C090903 |
| Plaintiffs and Appellants, | (Super. Ct. No. SCV0041974) |
| v. | |
| CITY OF ROSEVILLE et al., | |
| Defendants and Respondents. | |

Plaintiffs Richard and David Ryan appeal from a judgment of dismissal after the trial court sustained the City of Roseville's and University Development Foundation's demurrers to their third amended petition for writ of mandate and complaint without leave to amend.  Plaintiffs argue the trial court erred in dismissing their second and fourth causes of action with prejudice.  Plaintiffs have failed to demonstrate any error.  Accordingly, we will affirm the judgment.

1

# I. BACKGROUND

The operative petition for writ of mandate and complaint purports to state four causes of action against the City. The fourth cause of action was also asserted against University Development Foundation. The City demurred to the entire complaint on the ground that it failed to state facts sufficient to constitute a cause of action. (Code Civ. Proc., § 430.10, subd. (e).) University Development Foundation demurred to the fourth cause of action on the same ground. The City also demurred to the second cause of action on the grounds that it was uncertain, ambiguous, and unintelligible. (*Id*., subd. (f).)

The court sustained both demurrers based on the failure to state facts sufficient to constitute a cause of action. The court explained "[t]he allegations within the [third amended complaint] are rambling, vague, and conclusory" and "insufficient to support any of the causes of action, even when the pleading is given the broadest of readings." The court stated that, at the hearing, "plaintiffs focused their argument on the fourth cause of action, thereby virtually conceding the merits of [the City]'s demurrer to any other causes of action." The court sustained the demurrers without leave to amend. The court indicated plaintiffs had conceded a cause of action could not be maintained against University Development Foundation. Additionally, "plaintiffs essentially stood on the sufficiency of their pleading and did not request leave to amend. Plaintiffs have failed to make a sufficient showing as to how they could remedy the numerous defects" in the operative pleading.

The court entered a judgment of dismissal with prejudice. Plaintiffs filed an appeal from the judgment.

# II. DISCUSSION

A.	*Standard of Review*

"It is well established that a demurrer tests the legal sufficiency of the complaint. [Citations.] On appeal from a dismissal entered after an order sustaining a demurrer, we

2

review the order de novo, exercising our independent judgment about whether the petition states a cause of action as a matter of law. [Citations.] We give the petition a reasonable interpretation, reading it as a whole and viewing its parts in context. [Citations.] We deem to be true all material facts that were properly pled. [Citation.] We must also accept as true those facts that may be implied or inferred from those expressly alleged. [Citation.] We may also consider matters that may be judicially noticed, but do not accept contentions, deductions or conclusions of fact or law." (*City of Morgan Hill v. Bay Area Air Quality Management Dist*. (2004) 118 Cal.App.4th 861, 869-870; see also *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

"If the court sustained the demurrer without leave to amend, as here, we must decide whether there is a reasonable possibility the plaintiff could cure the defect with an amendment. [Citation.] If we find that an amendment could cure the defect, we conclude that the trial court abused its discretion and we reverse; if not, no abuse of discretion has occurred. [Citation.] The plaintiff has the burden of proving that an amendment would cure the defect." (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.)

Even under de novo review, orders and judgments are presumed to be correct, and the appellant must affirmatively show error. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) "To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error. [Citations.] When a point is asserted without argument and authority for the proposition, 'it is deemed to be without foundation and requires no discussion by the reviewing court.' [Citations.] Hence, conclusory claims of error will fail." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.) With respect to citations to the record, the appellant must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears. If any part of the record is submitted in an electronic format, citations to that part must identify, with the same specificity required for the printed record, *the place in the record* where the matter

3

appears." (Cal. Rules of Court, rule 8.204(a)(1)(C), italics added.) "If a party fails to support an argument with the necessary citations to the record, that portion of the brief may be stricken and the argument deemed to have been waived." (*Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856.) Plaintiffs' opening brief referred to what we determined to be paragraphs in their complaint, but did not offer a single citation to a page in their appendix or the reporter's transcript where the complaint or any other relevant information could be found. " 'The reviewing court is not required to make an independent, unassisted study of the record in search of error or grounds to support the judgment.' " (*McComber v. Wells* (1999) 72 Cal.App.4th 512, 522.) Additionally, any arguments raised or only supported by authority on reply have been waived. (*People v. Baniqued* (2000) 85 Cal.App.4th 13, 29.)[1]

On appeal, plaintiffs argue [,]the trial court erred by sustaining the demurrers to the second and fourth causes of action without leave to amend. Despite plaintiffs' failure to offer adequate citations to the record to present these issues, but keeping in mind the above principles, we will discuss these causes of action briefly.

B.     *Public Records Act*

Plaintiffs' second cause of action purports to be a petition for writ of mandate based on a violation of the California Public Records Act. (Gov. Code, § 6250 et seq.)[2]

---

[1] Defendants submitted a joint objection to plaintiffs' reply brief, arguing that the belated reply brief improperly raised arguments not asserted in the opening brief (or in the trial court) and did not even attempt to show good cause for failing to present them earlier. Defendants requested that we disregard the reply brief and, in particular, the points asserted for the first time on reply. While we have not stricken the brief entirely, we have not considered any points that were raised for the first time on reply. (*High Sierra Rural Alliance v. County of Plumas* (2018) 29 Cal.App.5th 102, 111, fn. 2.)

[2] Undesignated statutory references are to the Government Code.

Plaintiffs' opening brief refers to the following factual allegations contained in their complaint:

"11. . . . [C]urrent and former members of the [city] council and some city staff use private electronic communication (collectively referred to as 'emails') for [city-] related business.

"12. [Richard Ryan] has made [Public Records Act] requests that specifically requested these private electronic communications.

"13. . . . [Richard Ryan] alleges that these private emails have [n]ot been provided. That the use of private emails has intentionally been the practice for the purpose of removing these emails from public records and [Public Records Act] disclosure. That there have been a great number of such emails that have not been disclosed, including the responses to requests made on 1/2/18 requesting the city council members provide private emails with AKT [Group] (and related companies), Warwick University and [University Development Foundation].

"14. That if the private email communications had been conducted on [City] email accounts, they would have been discoverable by staff conducting [Public Records Act] responses."

Plaintiffs also alleged emails on city email accounts "are routinely purged" and "public record emails conducted on private servers are not routinely turned over to the City for preservation as public records."

Plaintiffs requested various forms of relief based on these allegations, including a declaration pursuant to Code of Civil Procedure section 1060 that private emails, when used for City business, are public records. Plaintiffs also sought a writ requiring the production of private emails and other electronic communications used by city council members, commission members, and staff pertaining to City business. Additionally, plaintiffs requested an order prohibiting the City from purging or deleting public record emails. Plaintiffs requested "that all private emails containing [city] business be, as soon

5

as possible after creation, delivered to the City and that the [City] permanently maintain these emails as public records."

In demurring to Ryan's complaint, the City of Roseville argued the second cause of action did not allege a controversy under the Public Records Act. The City argued that while it had a duty to disclose public records, it was only required to retain records for at most two years. (§ 34090, subd. (d).) The City argued plaintiffs "only identify one [Public Records Act] request [Richard] Ryan made on January 2, 2018[,] but fail to allege the City improperly withheld records or failed to conduct a reasonable search in response to this request." The City argued the cause of action was vague and uncertain because it did not allege any reasonably focused or specific request and the purported deficiencies with the response. The City also argued no controversy exists because, under an administrative regulation, the City already treats private emails about City business as public records. The City requested judicial notice of this regulation. In their opposing brief, plaintiffs did not refer to any specific Public Records Act request or seek leave to amend.

The court granted the City's request for judicial notice and sustained the City's demurrer on the ground that the complaint did not state facts sufficient to constitute a cause of action.[3] (Code Civ. Proc., § 430.10, subd. (e).) The court added that the allegations in the complaint were "rambling, vague, and conclusory" and, as relevant here, failed to specifically identify the actions taken.

Public records are open to inspection and every person has a right to inspect every public record, subject to certain exceptions. (§ 6253, subd. (a).) As long as there is no

_____

[3] We deferred ruling on the request for judicial notice filed by the City in this appeal, and now take notice of the referenced administrative regulations and portions of the Roseville City Charter. We deny the motion with respect to the other items as unnecessary to the issues before us. Nonetheless, we will observe that plaintiffs have not asserted that the trial court erred in taking judicial notice of any of the overlapping items.

6

exemption from disclosure, if a person makes a request that "reasonably describes an identifiable record or records," those records are to be made promptly available. (*Id.*, subd. (b).)

"The [Public Records] Act sets forth specific procedures for seeking a judicial determination of a public agency's obligation to disclose records in the event the agency denies a request by a member of the public. 'Any person may institute proceedings for injunctive or declarative relief or writ of mandate in any court of competent jurisdiction to enforce his or her right to inspect or to receive a copy of any public record or class of public records under [the Act].' (§ 6258.) . . . [¶] . . . If it appears from the plaintiff's verified petition that 'certain public records are being improperly withheld from a member of the public,' the court must order the individual withholding the records to disclose them or to show cause why he or she should not do so. (§ 6259, subd. (a).)" (*Filarsky v. Superior Court* (2002) 28 Cal.4th 419, 426.)

To the extent we have overlooked plaintiffs' forfeiture of the issue, we must conclude their petition made no such showing. As the City notes, the petition is vague as to the requests that were made. To the extent the petition suggests one specific request was made for city council members to provide emails with certain entities, plaintiffs did not specify who this request was made to or what response was provided. On appeal, to support the suggestion that they stated a claim under the Public Records Act, plaintiffs rely almost entirely on *City of San Jose v. Superior Court* (2017) 2 Cal.5th 608, in which our Supreme Court held that "when a city employee uses a personal account to communicate about the conduct of public business, the writings may be subject to disclosure under the California Public Records Act." (*Id.* at p. 614.) In that action, the city "claimed all communications in personal accounts are beyond the reach of the [Act]." (*Id.* at p. 618.) Here, the City makes no such claim. Rather, it asserts it follows the rule articulated in *City of San Jose*. And plaintiffs' second cause of action does not allege the City nonetheless claimed that personal email accounts were beyond the reach

7

of the Public Records Act as a basis to avoid producing documents responsive to a proper request.

Additionally, "[t]he court's order either directing disclosure by a public official or supporting the decision to refuse disclosure 'is not a final judgment or order within the meaning of Section 904.1 of the Code of Civil Procedure from which an appeal may be taken, but shall be immediately reviewable by petition to the appellate court for the issuance of an extraordinary writ' filed within 20 days after service of the notice of entry of the order, or within an additional 20 days as the trial court may allow for good cause. (§ 6259, subd. (c).)" (*Filarsky v. Superior Court*, *supra*, 28 Cal.4th at p. 426.) Plaintiffs' appeal was filed more than 40 days after the notice of entry of judgment was served in this case. Thus, even if we were inclined to overlook their forfeiture of the issue, it appears we lack jurisdiction to address the trial court's order to the extent it supported a decision to refuse to disclose. (*MinCal Consumer Law Group v. Carlsbad Police Dept.* (2013) 214 Cal.App.4th 259, 263-266.)

In sum, plaintiffs have failed to demonstrate any basis for us to reverse the trial court's dismissal of their second cause of action with prejudice.

C.     *Sale of Fire Station*

Plaintiffs' fourth cause of action sought a writ of mandate to set aside the City's sale of a fire station to University Development Foundation as an unconstitutional gift of public property and a violation of due process. Plaintiffs' opening brief only offers legal authority to support its assertion that the sale was an unconstitutional gift under article XVI, section 6 of the California Constitution. As such, to the extent we will overlook the other issues in their briefing to discuss the fourth cause of action, we will only address the allegation that the sale violated article XVI, section 6 of the California Constitution. (See *In re S.C.*, *supra*, 138 Cal.App.4th at p. 408 ["appellant must present meaningful legal analysis supported by citations to authority"].) And this argument fails because the constitutional provision has no application to the City of Roseville, which, plaintiffs do

8

not dispute, is a charter city. "By its terms, article XVI, section 6 of the state Constitution prevents the Legislature from making or authorizing any gift of public funds for private purposes. This prohibition applies to counties and general law cities." (*Sturgeon v. County of Los Angeles* (2008) 167 Cal.App.4th 630, 637, superseded by statute on other grounds; see Cal. Const., art. XVI, § 6 ["The Legislature shall have no power to . . . make any gift or authorize the making of any gift, of any public money or thing of value to any individual, municipal or other corporation whatever"].) Simply put, "[t]he constitutional ban on gifts of public funds does not apply to charter cities." (*Sturgeon*, *supra*, at p. 637, fn. 5.) This is because the powers of a charter city are not derived from the Legislature. (*Tevis v. City & County of San Francisco* (1954) 43 Cal.2d 190, 197; *Los Angeles Gas & Elec. Corp. v. City of Los Angeles* (1922) 188 Cal. 307, 317.) Therefore, plaintiffs have failed to demonstrate the trial court erred in dismissing their fourth cause of action.

Plaintiffs have also failed to demonstrate the trial court abused its discretion in granting the demurrers without leave to amend. In their opening brief, they state that "[i]f leave to amend were granted, a specific allegation could be made that the Roseville Charter does not allow for gifts and that the provision relied upon by the City 4.12.110(B) is contrary to the City Charter and is void." This is a legal conclusion, and it is unsupported. In particular, plaintiffs cite nothing in Roseville's charter to support their argument. As such, they have failed to demonstrate an amendment would cure the defects in their pleading.

### III.  DISPOSITION

The judgment is affirmed.  The City of Roseville and University Development Foundation shall recover their costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1) & (2).)

/S/

RENNER, J.

We concur:

/S/

MAURO, Acting P. J.

/S/

KRAUSE, J.

10