Filed 1/15/15  Masterson v. Super. Ct. CA4/1

### NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| DANIEL J. MASTERSON,<br><br>    Petitioner,<br><br>    v.<br><br>THE SUPERIOR COURT OF SAN DIEGO COUNTY,<br><br>    Respondent;<br><br>―――――――――――――――<br><br>DANIEL PARAMO, as Warden, etc.,<br><br>    Real Party in Interest. | D067097<br><br><br><br>(San Diego County Super. Ct.<br> No. HSC11462) |

ORIGINAL PROCEEDING in mandate.  David J. Danielson, Judge.  Petition granted.

Daniel J. Masterson, in propria persona, for Petitioner.

No appearance for Respondent.

Kamala D. Harris, Attorney General, and Amy M. Roebuck, Deputy Attorney General, for Real Party in Interest.

By petition for writ of mandate, Daniel J. Masterson challenges the refusal of the San Diego County Superior Court (the trial court) to process his petition for a writ directing Daniel Paramo, warden of the Richard J. Donovan Correctional Facility (Donovan), to disclose certain records pursuant to the California Public Records Act (the Act; Gov. Code, § 6250 et seq.).  We grant the petition.

FACTUAL AND PROCEDURAL BACKGROUND

Masterson was sentenced to prison in 1992 by the Los Angeles County Superior Court for life without the possibility of parole for murder and is currently incarcerated at Donovan, which is located in San Diego County.  He recently submitted to Donovan's litigation coordinator two requests to inspect documents under the Act.

In the first request, Masterson asked for the first initial of a female correctional officer whose surname is Hyman, the length of her employment by the California Department of Corrections and Rehabilitation (the Department), the positions she held, and the "total amount of 'staff complaints' for the entire period of employment," so that he could identify the officer in a federal civil rights complaint.  The litigation coordinator responded by letter:  "The Public Records Act provides for public access to existing documents, not the creation of new documents.  Since you have not identified or described an existing responsive document in your request, your request is denied."

The second request concerned what Masterson described as numerous suspicious prisoner deaths at Donovan that he believed a grand jury should investigate.  He asked for

2

the total number of prisoner deaths from any cause at Donovan since January 1, 2012. In a second letter, the litigation coordinator denied the request on the ground the requested records were not subject to disclosure under certain provisions of the Act.

After receiving the denial letters, Masterson filed in the trial court a Judicial Council form petition for writ of habeas corpus and a verified "petition for writ of mandate, injunctive and declaratory relief pursuant to California Government Code § 6285." He alleged the Act required the Department to disclose the information he requested and sought a writ directing the Department to do so. The trial court (Hon. Stephanie Sontag) ruled the relief Masterson sought could not be granted in habeas corpus and denied the petition to the extent it sought such relief. Judge Sontag also ruled the proper form of relief was a writ of mandate, and ordered the petition transferred to the central courthouse to be heard there. The clerk at the central courthouse, however, refused to process the petition and returned it to Masterson on the ground that petitions for writ of mandate "are filed at the . . . sentencing court."

Masterson then petitioned this court for writ of mandate directing the trial court to process his petition under the Act. He contends the trial court clerk's erroneous refusal to process his petition frustrates his right of access to the courts, and a writ of mandate must issue to correct the error. We solicited an informal response from Paramo, who stated that "Judge Sontag's original order to transfer the mandate petition to the civil division was correct." We notified the parties we were considering issuing a peremptory writ in the first instance. (See *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178-180.)

3

DISCUSSION

We conclude Judge Sontag correctly transferred Masterson's case to the civil division for processing as a petition for writ of mandate under the Act, but the trial court clerk erroneously refused to process the petition. The Act provides: "Any person may institute proceedings for injunctive or declarative relief or writ of mandate in any court of competent jurisdiction to enforce his or her right to inspect or to receive a copy of any public record or class of public records under [the Act]." (Gov. Code, § 6258.) The remedy provided by the Act is available to any person seeking disclosure of public records if the public entity is allegedly improperly withholding those records. (*Id.*, § 6259, subd. (a); *County of Santa Clara v. Superior Court* (2009) 171 Cal.App.4th 119, 127.) As "the superior court of the county where the records . . . are situated" (Gov. Code, § 6259, subd. (a)), the trial court has jurisdiction to process Masterson's petition. In particular, the trial court must set the times for responsive pleadings and for hearings "with the object of securing a decision . . . at the earliest possible time." (*Id.*, § 6258; see *Filarsky v. Superior Court* (2002) 28 Cal.4th 419, 426.)

We further conclude this is an appropriate case for issuance of a peremptory writ in the first instance. An appellate court properly issues a writ of mandate to compel a trial court to exercise jurisdiction when it has erroneously refused to do so. (*County of Nevada v. Superior Court* (1974) 10 Cal.3d 663, 664; *Morrison Drilling Co. v. Superior Court* (1962) 208 Cal.App.2d 740, 744.) Furthermore, no useful purpose would be served by full briefing and argument because the material facts are not in dispute, the law is well-settled, and Paramo has conceded the trial court clerk's error. (See Code Civ.

4

Proc., § 1088; *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1240-1241; *Fontaine v. Superior Court* (2009) 175 Cal.App.4th 830, 842.)

## DISPOSITION

Let a writ of mandate issue directing the trial court:  (1) to rescind its letter of November 25, 2014, refusing to process the "petition for writ of mandate, injunctive and declaratory relief pursuant to California Government Code § 6285," filed on November 4, 2014, and assigned case No. HSC11462; and (2) to process said petition in a manner consistent with the processing of other petitions filed under the Act.  Masterson is entitled to costs of this writ proceeding.  (Cal. Rules of Court, rule 8.493(a)(1)(A).)


BENKE, Acting P. J.

WE CONCUR:


HUFFMAN, J.


HALLER, J.

5