[No. H031740. Sixth Dist. Feb. 17, 2009.]

COUNTY OF SANTA CLARA et al., Petitioners, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent;
JANICE NAYMARK et al., Real Parties in Interest. [And five consolidated
cases.*]

*State of California v. Superior Court (H031741 [Santa Clara County Super. Ct. No. 1-07-CV080008]); City of Campbell v. Superior Court (H031897 [Santa Clara County Super. Ct. No. 1-07-CV080008]); City of San Jose v. Superior Court (H031898 [Santa Clara County Super. Ct. No. 1-07-CV080008]); City of Palo Alto v. Superior Court (H031920 [Santa Clara County Super. Ct. No. 1-07-CV080008]); Town of Los Gatos v. Superior Court (H031952 [Santa Clara County Super. Ct. No. 1-07-CV-080008]).

## Counsel

Ann Miller Ravel, County Counsel, Marcy L. Berkman, Deputy County Counsel, for Petitioner County of Santa Clara.

Edmund G. Brown, Jr., Attorney General, Jonathan K. Renner, Assistant Attorney General, Christopher E. Krueger and Anthony R. Hakl, Deputy Attorneys General, for Petitioner State of California.

Richard Doyle, City Attorney, Nora Frimann, Chief Trial Attorney, Lisa Herrick and Brian C. Hopper, Deputy City Attorneys, for Petitioner City of San Jose.

William R. Seligmann, City Attorney of Campbell for Petitioner City of Campbell.

Donald A. Larkin, Assistant City Attorney for Petitioner City of Palo Alto.

Orry P. Korb, Los Gatos Town Attorney for Petitioner Town of Los Gatos.

No appearance for Respondent.

McManis Faulkner & Morgan, James McManis, Marwa Elzankaly, Christine Peek and Geoffrey Bentzel for Real Parties in Interest.

John J. Sansone, County Counsel, Deborah A. McCarthy, Chief Deputy, for Amici Curiae League of California Cities and California State Association of Counties.

## Opinion

**MIHARA, Acting P. J.**—These six writ petitions all raise the same issue. The question is whether, under the California Public Records Act (the CPRA; Gov. Code, § 6250 et seq.) and the California Supreme Court's decision in *Filarsky v. Superior Court* (2002) 28 Cal.4th 419 [121 Cal.Rptr.2d 844, 49 P.3d 194] (*Filarsky*) interpreting the CPRA, real parties in interest Janice and Ronald Naymark are precluded from bringing an action under Code of Civil Procedure section 526a against petitioners. The superior court concluded that the CPRA and *Filarsky* do not preclude the Naymarks from bringing this action and overruled petitioners' demurrers on this ground.[1]

---

[1] The superior court sustained with leave to amend the demurrers of some of the petitioners on other grounds. That ruling is not at issue in this proceeding.

Petitioners seek writ relief overturning that ruling. We conclude that neither the CPRA nor *Filarsky* precludes the Naymarks from proceeding with their action against petitioners, and we deny the petitions.

## I. Background

In February 2007, the Naymarks, who are residents of the City of Saratoga in the County of Santa Clara,[2] filed an action under Code of Civil Procedure section 526a[3] seeking declaratory and injunctive relief. The Naymarks' action named as defendants the cities of San Jose, Campbell, Monte Sereno, Palo Alto, and Santa Clara, the Town of Los Gatos, their police departments and police chiefs, the County of Santa Clara (the County) and its sheriff and sheriff's department, the State of California (the State), and the Commissioner of the California Highway Patrol.[4]

The Naymarks allege that they "are informed and believe" that these defendants "implement and enforce" a number of specifically described "policies and practices" with regard to requests for specifically described types of public records. The Naymarks allege that these "policies and practices are illegal, in that they do not comply with state law regarding access to public records, including but not limited to, the California Public Records Act ('CPRA'), Health and Safety Code section 11495, Government Code section 12525, and the Political Reform Act." They allege that the expenditure of money to implement and enforce these illegal policies and practices "constitutes an illegal expenditure of public funds within the meaning of Code of Civil Procedure section 526a." The Naymarks allege that State and County taxpayers will suffer irreparable harm if defendants are not enjoined from continuing to expend funds to implement and enforce these illegal policies and practices.

---

[2] The Naymarks allege that they are real property owners in the City of Saratoga in the County of Santa Clara, and taxpayers to both the County of Santa Clara and the State of California. They do not allege that they live in, or pay taxes to, any of the cities or the town named in the complaint.

[3] "An action to obtain a judgment, restraining and preventing any illegal expenditure of, waste of, or injury to, the estate, funds, or other property of a county, town, city or city and county of the state, may be maintained against any officer thereof, or any agent, or other person, acting in its behalf, either by a citizen resident therein, or by a corporation, who is assessed for and is liable to pay, or, within one year before the commencement of the action, has paid, a tax therein." (Code Civ. Proc., § 526a.)

[4] Further references to the cities, the town, the County, and the State, or to petitioners collectively, should be understood to include their police departments and police chiefs, the sheriff's department and the sheriff, and the Commissioner of the Highway Patrol.

In March 2007, Palo Alto filed a demurrer. The primary basis for Palo Alto's demurrer was that Government Code sections 6258 and 6259 "provide the exclusive procedure for litigating violations of the Public Records Act." Palo Alto also contended that the complaint failed to state a cause of action because (1) it was unverified, (2) the Naymarks did not allege that they are residents of, or taxpayers to, any of the cities or the town and could not seek to enforce the rights of third parties, and (3) "[t]he Complaint lacks specificity." Campbell, Los Gatos, Monte Sereno, San Jose, and Santa Clara joined Palo Alto's demurrer. The County and the State also filed demurrers which joined Palo Alto's demurrer and raised the same contentions as Palo Alto's demurrer except that they did not assert that the Naymarks were not taxpayers in their jurisdictions.

In June 2007, the superior court overruled the demurrers of the State and the County. In its written order, the court concluded that *Filarsky* and the CPRA did not preclude the Naymarks' action. The court sustained the demurrers of the cities and the town on the ground that the Naymarks had not alleged that they were taxpayers or residents of any of the cities or the town and therefore lacked standing under Code of Civil Procedure section 526a. The court granted the Naymarks leave to amend "to allege that they either pay taxes to or have residence in the other local jurisdictions."[5] In July and August 2007, the State, the County, Campbell, Los Gatos, San Jose, and Palo Alto (petitioners) filed petitions for writ of mandate in this court, and they requested an immediate stay of the proceedings.[6] In September 2007, this court ordered the superior court proceedings stayed. In October 2007, the Naymarks filed preliminary opposition to the writ petitions, and petitioners filed replies. In April 2008, this court consolidated the petitions and issued an order to show cause. In June 2008, the Naymarks filed a return, the State filed a reply, and the other petitioners filed a consolidated reply.

## II. Propriety of Writ Relief

"An order overruling a demurrer is not directly appealable, but may be reviewed on appeal from the final judgment. [Citation.] Appeal is presumed to be an adequate remedy and writ review is rarely granted unless a

---

[5] Although, at the hearing on the demurrers, the Naymarks sought leave to amend to add other plaintiffs who paid taxes or lived in the cities or the town, the court refused to allow this since such persons or entities were not parties to the lawsuit. The Naymarks thereafter filed an amended complaint in which they alleged that they had paid property taxes to each of the cities and the town. As no ruling on this amended pleading is before us, we do not consider its validity.

[6] The Cities of Santa Clara and Monte Sereno did not file timely writ petitions.

significant issue of law is raised, or resolution of the issue would result in a final disposition as to the petitioner." (*Casterson v. Superior Court* (2002) 101 Cal.App.4th 177, 182 [123 Cal.Rptr.2d 637] (*Casterson*).) "[W]here the issue raised is one of significant legal import, relief by extraordinary writ is appropriate." (*American Internat. Group, Inc. v. Superior Court* (1991) 234 Cal.App.3d 749, 755 [285 Cal.Rptr. 765].)

■ Although appellate courts are loath to exercise their discretion to review rulings at the pleading stage, they will do so where the circumstances are compelling and the issue is of widespread interest. (*Brandt v. Superior Court* (1985) 37 Cal.3d 813, 816 [210 Cal.Rptr. 211, 693 P.2d 796].) Here, petitioners' writ petitions raise a significant legal issue that appears to be of widespread interest.[7] Accordingly, we conclude that writ review is appropriate.

### III. Standard of Review

"The standard of review for an order overruling a demurrer is de novo. The reviewing court accepts as true all facts properly pleaded in the complaint in order to determine whether the demurrer should be overruled." (*Casterson, supra*, 101 Cal.App.4th at pp. 182–183.) "[I]f the pleadings contain 'sufficient particularity and precision to acquaint the defendants with the nature, source and extent of [the] cause of action' the general demurrer should be overruled." (*Harman v. City and County of San Francisco* (1972) 7 Cal.3d 150, 157 [101 Cal.Rptr. 880, 496 P.2d 1248].) "Even as against a special demurrer, a plaintiff is required only to 'set forth in his complaint the essential facts of his case with reasonable precision and with particularity sufficiently specific to acquaint the defendant of the nature, source, and extent of his cause of action.' [Citations.] He need not particularize matters 'presumptively within the knowledge of the demurring' defendant." (*Smith v. Kern County Land Co.* (1958) 51 Cal.2d 205, 209 [331 P.2d 645].)

### IV. The CPRA

■ The CPRA is contained in chapter 3.5 of title 1 of division 7 of the Government Code. (Gov. Code, § 6251.) The vast majority of the statutes in chapter 3.5 are devoted to describing which public records must be disclosed upon request and which records are exempt from disclosure. The remaining statutes in this chapter mandate that public agencies follow particular procedures in responding to requests for disclosure of public records. Government

---

[7] We have received an amici curiae brief from the League of California Cities and the California State Association of Counties in support of the State.

Code section 6255, for instance, provides that, when a public agency denies a request for disclosure, it is required to provide the requestor with a written denial and to justify its determination that the record is exempt or otherwise should not be disclosed. (Gov. Code, § 6255.)

The judicial remedy set forth in the CPRA is available *only* to a person or entity who is seeking disclosure of public records and *only* where the public entity is allegedly improperly withholding those records. (Gov. Code, §§ 6258 [person seeking to "enforce his or her right to inspect or to receive a copy of any public record or class of public records" may file an action under CPRA], 6259, subd. (a) [court shall issue an order to disclose or show cause why not if "certain public records are being improperly withheld from a member of the public"], 6259, subd. (b) [if refusal to disclose is not justified, court shall order record made public; if refusal to disclose is justified, court shall issue order supporting nondisclosure decision], 6259, subd. (c) [expeditious procedures for determining whether record should be disclosed].) The CPRA provides *no* judicial remedy for any other person or entity or a remedy that may be utilized for any purpose other than to determine whether a particular record or class of records must be disclosed.

## V. *Filarsky*

Steve Filarsky asked the City of Manhattan Beach (Manhattan Beach) to disclose certain documents. Manhattan Beach refused to disclose most of these documents. After Filarsky told Manhattan Beach that he intended to pursue an action under the CPRA, Manhattan Beach initiated a declaratory relief action seeking a declaration that it was not required to disclose these documents. Manhattan Beach prevailed in the trial court, and the Court of Appeal denied Filarsky's petition for a writ of mandate. (*Filarsky, supra*, 28 Cal.4th at pp. 423–424.)

■ On review, the California Supreme Court unanimously held that Manhattan Beach was precluded from bringing a declaratory relief action to establish that it was not required to disclose the requested documents. "[T]he Legislature set forth in Government Code sections 6258 and 6259 the exclusive procedure for litigating the issue of a public agency's obligation to disclose records to a member of the public in these circumstances, and these provisions do not authorize a public agency in possession of the records to seek a judicial determination regarding its duty of disclosure. [¶] Permitting a public agency to circumvent the established special statutory procedure by filing an ordinary declaratory relief action against a person who has not yet initiated litigation would eliminate statutory protections and incentives for

members of the public in seeking disclosure of public records, require them to defend civil actions they otherwise might not have commenced, and discourage them from requesting records pursuant to the Act, thus frustrating the Legislature's purpose of furthering the fundamental right of every person in this state to have prompt access to information in the possession of public agencies." (*Filarsky, supra*, 28 Cal.4th at p. 423.)

The California Supreme Court observed that the CPRA "was enacted for the purpose of increasing freedom of information by giving members of the public access to information in the possession of public agencies." (*Filarsky, supra*, 28 Cal.4th at p. 425.) The CPRA authorizes "a declaratory relief proceeding commenced only by an individual or entity seeking disclosure of public records, and not by the public agency from which disclosure is sought." (*Filarsky*, at p. 426.) The sole purpose of such an action is to permit the expeditious "determination of the obligation to disclose records requested from a public agency . . . ." (*Filarsky*, at p. 427.) The California Supreme Court held that a public entity may not file a CPRA action because the CPRA explicitly limits such an action to the person or entity seeking disclosure.

■ The court also considered whether the public entity could nevertheless pursue an ordinary declaratory relief action under Code of Civil Procedure section 1060. An ordinary declaratory relief action may be brought by any party for the purpose of resolving any legal controversy. (*Filarsky, supra*, 28 Cal.4th at pp. 428–429 ["In an ordinary declaratory relief action, however, either party to a controversy may initiate the action"]; Code Civ. Proc., § 1060.) Nevertheless, the California Supreme Court concluded that a public entity could not be permitted to pursue "an ordinary declaratory relief action, to circumvent the particular procedures and other provisions specified by the Legislature in the [CPRA's] statutory scheme that was intended to govern such disputes." (*Filarsky*, at p. 433.) "[A]uthorizing the agency to commence such an action would chill the rights of individuals to obtain disclosure of public records, require such individuals to incur fees and costs in defending civil actions they otherwise might not have initiated, and clearly thwart the [CPRA's] purpose of ensuring speedy public access to vital information regarding the government's conduct of its business." (*Filarsky*, at p. 434.)

## VI. Analysis

Petitioners contend that the Naymarks are precluded from seeking declaratory or injunctive relief under Code of Civil Procedure section 526a because, in their view, under *Filarksy*, "the CPRA is the exclusive procedure for litigating disputes concerning access to public records." The Naymarks, on the other hand, maintain that the CPRA provides no remedy whatsoever for

the wrongs they allege, so they are not precluded from utilizing Code of Civil Procedure section 526a to remedy these wrongs.

■ "Code of Civil Procedure section 526a permits a taxpayer to bring an action to restrain or prevent an illegal expenditure of public money. No showing of special damage to a particular taxpayer is required as a requisite for bringing a taxpayer suit. [Citation.] Rather, taxpayer suits provide a general citizen remedy for controlling illegal governmental activity. [Citation.] [¶] Citizen suits may be brought without the necessity of showing a legal or special interest in the result where the issue is one of public right and the object is to procure the enforcement of a public duty. [Citation.] Citizen suits promote the policy of guaranteeing citizens the opportunity to ensure that governmental bodies do not impair or defeat public rights." (*Connerly v. State Personnel Bd.* (2001) 92 Cal.App.4th 16, 29 [112 Cal.Rptr.2d 5].)

"[T]he existence of individuals directly affected by the challenged governmental action . . . has not been held to preclude a taxpayers' suit. Numerous decisions have affirmed a taxpayer's standing to sue despite the existence of potential plaintiffs who might also have had standing to challenge the subject actions or statutes." (*Van Atta v. Scott* (1980) 27 Cal.3d 424, 447–448 [166 Cal.Rptr. 149, 613 P.2d 210].) The purpose of Code of Civil Procedure section 526a is to " 'enable a large body of the citizenry to challenge governmental action which would otherwise go unchallenged in the courts because of the standing requirement.' " (*Blair v. Pitchess* (1971) 5 Cal.3d 258, 267–268 [96 Cal.Rptr. 42, 486 P.2d 1242] (*Blair*).) Code of Civil Procedure section 526a is construed liberally to support this purpose. (*Blair*, at p. 268.)

The core of petitioners' argument is their claim that the California Supreme Court held in *Filarsky* that all litigation "concerning access to public records" must be brought under the CPRA. Yet nowhere in *Filarsky* did the California Supreme Court express such a broad holding. The issue in *Filarsky* was whether the CPRA provided the exclusive remedy for litigating a dispute about whether a public entity was required to disclose a particular public record requested by a person. The California Supreme Court held that the CPRA, which provided a specific remedy for a requestor to pursue if the public entity refused to disclose a particular record or class of records, precluded the public entity from initiating an action of any kind to determine whether it was required to disclose that particular record or class of records. The California Supreme Court neither considered nor resolved the broader issue which petitioners raise in this case: whether the CPRA precludes a person from initiating an action of any kind to resolve any issue "concerning"

public records *other than* the question of whether a public entity has wrongly refused to disclose a particular record or class of records.

██ Neither the CPRA nor *Filarsky* provides any support for petitioners' broad contention. The CPRA was enacted to further "the fundamental right of every person in this state to have prompt access to information in the possession of public agencies." (*Filarsky, supra,* 28 Cal.4th at p. 423.) As the California Supreme Court recognized in *Filarsky,* the CPRA provides the exclusive remedy for resolving whether a public entity has erroneously refused to disclose a particular record or class of records. Nowhere in the CPRA is there any language that explicitly or implicitly restricts, permits, or precludes any type of legal action "concerning" public records other than whether a particular record or class of records must be disclosed. The CPRA's judicial remedy is limited to a requestor's action to determine whether a particular record or class of records must be disclosed. The purpose of the CPRA is *furthered,* not obstructed, by citizen suits under Code of Civil Procedure section 526a to enforce the CPRA's provisions.

Petitioners tender two other arguments in support of their claim that the superior court should have sustained their demurrers, but these arguments also lack merit.

Petitioners contend that their demurrers should have been sustained because the Naymarks' allegations in support of their Code of Civil Procedure section 526a causes of action lacked specificity.[8] "The taxpayer action must involve an actual or threatened expenditure of public funds. [Citation.] [¶] General allegations, innuendo, and legal conclusions are not sufficient [citation]; rather, the plaintiff must cite specific facts and reasons for a belief that some illegal expenditure or injury to the public fisc is occurring or will occur." (*Waste Management of Alameda County, Inc. v. County of Alameda* (2000) 79 Cal.App.4th 1223, 1240 [94 Cal.Rptr.2d 740].)

The Naymarks' complaint alleged that public funds were being spent by petitioners to enforce *specific* policies and practices that violated the CPRA,

---

[8] Petitioners did not demur on the ground that the allegedly illegal policies were political issues or involved the exercise of discretion. (See *Humane Society of the United States v. State Bd. of Equalization* (2007) 152 Cal.App.4th 349, 356–357 [61 Cal.Rptr.3d 277] [Code Civ. Proc., § 526a does not apply to political issues or issues involving the exercise of discretion].) However, their arguments in these writ proceedings rely on authorities addressing this subject. Even if this contention were before us, we would reject it. The complaint was not subject to a demurrer on this ground because, on the face of the complaint, there was no indication that the challenged policies were political or involved the exercise of any discretion.

Health and Safety Code section 11495, Government Code section 12525, and the Political Reform Act of 1974 (Gov. Code, § 81000 et seq.). The Naymarks identified the following policies and practices that petitioners were "implement[ing] and enforc[ing]" in violation of these statutes: "a. Requiring, as a condition of inspecting or copying records, that a person requesting records provide his or her name, driver's license, employer's name, or other personal or identifying information that is not required to view or copy records under state law; [¶] b. Requiring, as a condition of inspecting or copying records, that a person requesting records state the purpose for which the records are sought; [¶] c. Charging 'research,' 'look up,' or other illegal fees; [¶] d. Requiring a person requesting records to purchase copies of documents in order to view them; [¶] e. Failing to respond to lawful requests to inspect or copy public records in a timely fashion; [¶] f. Failing to respond at all to lawful requests to inspect or copy public records; [¶] g. Refusing to accept lawful requests to inspect or copy public records; and [¶] h. Refusing to release public records upon lawful request." The Naymarks alleged that petitioners were applying these policies to 14 specifically described types of public records. As these quite detailed allegations were sufficiently specific to apprise petitioners of the bases for the Naymarks' causes of action, they were not susceptible to a general or special demurrer for lack of specificity or uncertainty.

■ Finally, petitioners contend that the Naymarks' causes of action were not "ripe" and failed to allege a "concrete, justiciable controversy." "A demurrer may be sustained when the complaint shows on its face the claim is not ripe for adjudication." (*Breneric Associates v. City of Del Mar* (1998) 69 Cal.App.4th 166, 188 [81 Cal.Rptr.2d 324].) Petitioners did not raise ripeness as a ground for their demurrer below. The ripeness inquiry depends on " 'both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.' " (*Pacific Legal Foundation v. California Coastal Com.* (1982) 33 Cal.3d 158, 171 [188 Cal.Rptr. 104, 655 P.2d 306], italics omitted.) As the fitness of this issue for judicial decision and the hardship to the parties of withholding court consideration could not be resolved on the face of the complaint, the complaint was not subject to a ripeness demurrer.

Petitioners have failed to demonstrate that the superior court erred in overruling their demurrers to the Naymarks' complaint.

## VII. Disposition

Our temporary stay of the superior court's proceedings is hereby vacated, and the petitions are denied. The Naymarks shall recover their costs in these original proceedings.

McAdams, J., and Duffy, J., concurred.

Petitioners' petition for review by the Supreme Court was denied June 10, 2009, S171566.