Filed 1/5/22  Best v. County of San Diego CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| TERRIE BEST,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>COUNTY OF SAN DIEGO et al.,<br><br>    Defendants and Respondents. | D078522<br><br><br>(Super. Ct. No. 37-2018-00026542-CU-MC-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Timothy B. Taylor, Judge.  Motion to dismiss denied; judgment affirmed.

Briggs Law Corporation, Cory J. Briggs and Nora Pasin for Plaintiff and Appellant.

Joshua M. Heinlein, Senior Deputy County Counsel for Defendants and Respondents.

Plaintiff Terrie Best (Appellant) made a request to the Office of the San Diego County District Attorney (SDCDA) under the California Public Records Act (CPRA; Gov. Code, § 6250 et seq.; subsequent undesignated statutory references are to this code) for records relating to public business between

former San Diego County District Attorney Bonnie Dumanis and six identified groups. Dissatisfied with the documents produced and the SDCDA's inability to produce additional documents following questions and a second request, Appellant filed the underlying action.

The operative complaint is a verified second amended complaint for declaratory and injunctive relief and petition for writ of mandate (Complaint) against the SDCDA, the County of San Diego (County), and Dumanis (together, Respondents). In the Complaint, Appellant alleges causes of action for a "Violation of Open-Government Laws," for a "Violation of Record-Retention and Record-Destruction Laws," and for declaratory relief. (Bolding omitted.) Following briefing and a hearing, the trial court denied Appellant all relief under the Complaint, and approximately 10 days later the court filed a judgment, denying the writ petition and entering judgment in favor of Respondents.

On appeal, Appellant challenges the trial court's denial of relief on her claim that, with regard to the SDCDA's retention and/or destruction of public records, Respondents have not complied with section 26202—pursuant to which, according to Appellant, the SDCDA was required to retain such records for at least two years. Procedurally, Respondents contend that the appeal must be dismissed, because, based on section 6259, subdivision (c), appellate review is limited to a timely-filed writ petition, which Appellant has not pursued. Substantively, Respondents contend that the judgment must be affirmed on two independent bases: (1) under section 6200, there is no private right of action for an allegedly unlawful failure to retain records; and (2) section 26205.1, not section 26202, applies to and controls the SDCDA's destruction of nonjudicial public records—and that, in adopting and following

2

a resolution of the County Board of Supervisors, Respondents are compliant with the CPRA.

As we explain, although section 6259, subdivision (c) precludes appellate review of the denial of writ relief in this case, Appellant does not seek appellate review of that portion of the judgment. As we further explain, section 6200 does not preclude the private right of action asserted by Appellant. As we finally explain, Appellant did not meet her burden of establishing that the trial court erred in denying relief on Appellant's claim that the SDCDA's record retention policies violate section 26202. Accordingly, Respondents' motion to dismiss the appeal is denied as moot, Appellant may proceed with her appeal, and we affirm the judgment.

## I. INTRODUCTION

Enacted in 1968, the CPRA grants access to public records held by state and local agencies. (§ 6250 et seq.) The purpose of the CPRA is to "increas[e] freedom of information by giving members of the public access to records in the possession of state and local agencies." (*Los Angeles County Bd. of Supervisors v. Superior Court* (2016) 2 Cal.5th 282, 290.) In adopting the CPRA, the Legislature declared that "access to information concerning the conduct of the people's business is a fundamental and necessary right of every person in this state." (§ 6250.) Since 2004, the California Constitution has reflected this principle: "The people have the right of access to information concerning the conduct of the people's business, and, therefore, . . . the writings of public officials and agencies shall be open to public scrutiny." (Cal. Const., art. I, § 3, subd. (b)(1).) To this end, the CPRA establishes a basic rule requiring, and a procedure for ensuring, prompt disclosure of public records upon request. (§ 6253.) "In general, [the CPRA] creates 'a presumptive right of access to any record created or maintained by

3

a public agency that relates in any way to the business of the public agency.' " (*City of San Jose v. Superior Court* (2017) 2 Cal.5th 608, 616 (*City of San Jose*), italics omitted.)

The present appeal involves section 26202, which gives the County's Board of Supervisors authorization to destroy certain records "more than two years old" that might otherwise be responsive to a CPRA request. In particular, Appellant contends that the two-year retention required under section 26202 is "absolute," and that the SDCDA's policies and practices with regard to the retention and/or destruction of certain electronic public records violate section 26202. In response, Respondents contend that section 26205.1, not section 26202, controls the SDCDA's policies and practices regarding document destruction. We will set forth and discuss these statutes at part III.C., *post*.

## II. FACTUAL AND PROCEDURAL BACKGROUND

A.  *Appellant's CPRA Requests and the SDCDA's Responses*

In January 2018, approximately six months after Dumanis resigned from her position as the District Attorney of San Diego County, Appellant submitted a CPRA request to the SDCDA, requesting communications relating to public business from Dumanis to six different groups of people involved in San Diego politics.[1] The SDCDA denied Appellant's initial

---

[1]  While not relevant to any issues on appeal, Appellant's request was for communications from Dumanis to: (1) "All members of the San Diego County Board of Supervisors and members of their staff"; (2) "The Mayor of San Diego and members of the mayor's staff"; (3) "Members of the City Council of San Diego and their staff"; (4) "Any member of the California State Legislature representing any portion of San Diego County and their staff"; (5) "Any employee or agent of the San Diego County Republican Party"; and (6) "Any employee or agent of the Lincoln Club of San Diego County."

4

request, explaining its reasons and suggesting how she might submit an acceptable request.

Appellant revised her CPRA request in a second submission to the SDCDA. In response, the SDCDA conducted what it described as "a reasonable search for records based on [Appellant's] narrowed request," and it identified and offered to produce "four disclosable hard-copy records." The SDCDA confirmed that the four records "are all the records that are responsive to [Appellant's] narrowed request" and that the SDCDA "did not withhold any documents."

Days later, Appellant submitted two additional questions and a follow-up CPRA request to the SDCDA.[2] The SDCDA responded by explaining that it had "conducted a reasonable search for records based on [Appellant's] follow-up request, and no records were identified."

B. *Appellant's Lawsuit Against Respondents*

Dissatisfied with the SDCDA's responses to her CPRA requests, Appellant filed the underlying action against Respondents. The operative complaint, which followed two demurrers and discovery, is Appellant's second amended verified complaint (previously identified as the Complaint). In the Complaint, Appellant, in her capacity as a San Diego taxpayer, named the SDCDA as a department of the County (each as "a 'local agency' " under the

---

[2]    The questions concerned: (1) Whether, in responding to Appellant's narrowed request, the SDCDA contacted Dumanis for records in her possession; and (2) whether, prior to her resignation, Dumanis provided the SDCDA with copies of public records that existed in her private accounts (e.g., e-mail) or private electronic devices (e.g., mobile phone or tablet). The follow-up request was for copies of public records that Dumanis provided the SDCDA from her private accounts or private electronic devices.

CPRA) and Dumanis as "the head of" the SDCDA at the times relevant to her request and, thus, what Appellant considered "an indispensable party."

Alleging that Respondents violated the CPRA in various ways, Appellant asserted three causes of action. In the first cause of action, Appellant alleged that Respondents violated "open-government laws" (initial capitalization and bolding omitted), by "fail[ing] to produce all public records responsive to [Appellant's] request and/or fail[ing] to retain documents as required by law." In the second cause of action, Appellant alleged that Respondents violated "record-retention and record-destruction laws" (initial capitalization and bolding omitted), by having "policies [that] represent a pattern and practice of violating the applicable legal authorities governing the retention and destruction of public records and other information." In the third cause of action, Appellant sought declaratory relief as to whether the SDCDA's responses to Appellant's requests complied with various laws, including the CPRA.

In the prayer of the Complaint, Appellant sought different relief in each of the three causes of action. For the first cause of action, Appellant prayed for: (1) a judgment declaring that, in responding to Appellant's CPRA requests, Respondents did not comply with various laws, including the CPRA; (2) a writ of mandate ordering Respondents to comply with various laws, including the CPRA; and (3) injunctive relief directing Respondents to fully respond to Appellant's requests and to permit inspection and copying of responsive records. For the second cause of action, Appellant prayed for: (1) a declaration that Respondents have not complied with "all applicable laws governing the retention and/or destruction of public records and other information"; (2) a writ of mandate ordering Respondents to comply with such laws; and (3) injunctive relief directing Respondents "to refrain from any

6

further acts or omissions" that are not in conformance with such laws. For the third cause of action, Appellant prayed for: (1) a declaration that Respondents' responses to Appellant's CPRA requests failed to comply with various laws, including the CPRA; and (2) injunctive relief directing Respondents to respond to, and permit inspection and copying of documents responsive to, Appellant's CPRA requests.

Following discovery, the parties submitted briefs, declarations, and exhibits; and the court held a hearing.[3] The court issued a minute order denying all relief. As applicable to the second cause of action in the Complaint, the court concluded that Appellant did not meet her burden of establishing that the SDCDA was "out of compliance with the law requiring the retention of official records." More specifically, the court ruled that, based on Appellant's contention that "the two-year rule [in section 26202] is absolute[,] . . . [Appellant] has failed to meet her burden of establishing that the absolute rule of section 26202 applies to [the] SDCDA."

The court later entered a judgment in favor of Respondents and against Appellant. Appellant timely appealed from the judgment.

## III. DISCUSSION

Before reaching the merits, we must first discuss Respondents' motion to dismiss the appeal and Respondents' alternative argument that there is no

---

[3] Appellant submitted declarations from herself and her attorney, 11 exhibits, and a reply declaration from her attorney. Respondents submitted declarations from two current SDCDA employees, Dumanis, and Respondents' attorney.

Appellant has not provided a reporter's transcript of the proceedings. The clerk's minutes indicate that the proceedings were a "Motion Hearing (Civil)." Respondents refer to the proceedings as "a hearing on the merits of the [Complaint]"; Appellant refers to the proceedings as a "trial."

7

private right of action for the claim in the second cause of action that the SDCDA's document retention policies unlawfully allow for the destruction of public records. In these regards, as we explain, Respondents' motion is moot and will be denied; and, for purposes of the second cause of action, Appellant has standing to assert a private right of action under Code of Civil Procedure section 526a. Proceeding to merits, as we explain, Appellant did not meet her burden of establishing that the trial court erred in ruling that she "did not meet her burden of establishing that the absolute rule of Government Code Section 26202 applies to the SDCDA['s]" record retention and/or destruction policy.[4]

A.   *Respondents' Motion to Dismiss is Denied*

Respondents move to dismiss the appeal on the basis that section 6259, subdivision (c) limits appellate review of the trial court's rulings here to a petition for an extraordinary writ that is filed within 20 days of notice of the rulings. We disagree; as we explain, section 6259 does not apply to Appellant's appeal.

We begin with the understanding that "an order of the court [under the CPRA], either *directing disclosure* by a public official or supporting the decision of the public official *refusing disclosure*, is not a final judgment or order within the meaning of Section 904.1 of the Code of Civil Procedure from which an appeal may be taken, but shall be immediately reviewable by petition to the appellate court for the issuance of an extraordinary writ." (§ 6259, subd. (c), italics added.) Any such petition must be filed "within

---

[4]   With regard to public records, Appellant does not distinguish between what she characterizes as the SDCDA's "retention" policy and the SDCDA's "destruction" policy. Nor shall we.

8

20 days after service upon the party of a written notice of entry of the order, or within such further time not exceeding an additional 20 days as the trial court may for good cause allow." (*Ibid.*) This writ procedure is "the sole and exclusive means to challenge the trial court's ruling" directing or refusing disclosure. (*MinCal Consumer Law Group v. Carlsbad Police Dept.* (2013) 214 Cal.App.4th 259, 264 (*MinCal*).)

In opposition to Respondents' motion, Appellant expressly tells us that she is not challenging the trial court's ruling denying her (first) claim that the SDCDA did not disclose all public records responsive to her requests. Instead, she explains that she has specifically limited her appeal to review of the trial court's ruling that denied her claim in the second cause of action "that the SDCDA's pattern and practice of prematurely destroying official records by scrubbing the memory of electronic devices assigned to employees upon termination of their employment violates Government Code Section 26202."[5] Thus, Appellant's argument continues, section 6259, subdivision (c) does not apply; and the general rules and time limits apply to her appeal from the judgment.

"The purpose of [section 6259, subdivision (c)'s] provision limiting appellate review of the trial court's order to a petition for extraordinary writ is to prohibit public agencies from delaying the disclosure of public records by appealing a trial court decision and using continuances in order to frustrate the intent of the [CPRA]." (*Filarsky v. Superior Court* (2002) 28 Cal.4th 419,

---

[5] With original emphasis, Appellant tells us: "***Only the latter claim is at issue on appeal***; the first claim was decided against Appellant by the trial court, and she does not challenge it here." Appellant raises no issue on appeal as to her claims in the third cause of action for declaratory relief (Code Civ. Proc., § 1060 et seq.).

9

426-427 (*Filarsky*); accord, *MinCal*, *supra*, 214 Cal.App.4th at p. 265.) No such purpose is presented where, as here, an aggrieved party seeks appellate review of a claim that a public agency does not comply with section 26202's statutory requirements for destruction or disposition of certain types of public records. Accordingly, we are not persuaded that section 6259, subdivision (c)'s limitation on appellate review applies to the sole claim Appellant raises in this appeal. Based on the statutory language, section 6259, subdivision (c)'s limitation applies only to appellate review of an order "either directing disclosure by a public official or supporting the decision of the public official refusing disclosure" under the CPRA; and Appellant's appeal is neither from such an order nor raises any issue with what was or was not disclosed by the SDCDA.

Respondents argue that, because the two claims in Appellant's Complaint are "interdependent," any ruling on a violation of section 26202 would necessarily affect the determination of the trial court's ruling on the adequacy of the SDCDA's disclosures. We disagree. Appellant's appeal raises issues regarding whether the SDCDA complies with specified retention and destruction policies under section 26202, not issues regarding the adequacy of the SDCDA's disclosures in response to Appellant's CPRA requests.

Because Appellant has raised on appeal no issue or argument related to the SDCDA's disclosure of records, Respondents' motion is moot; and on that basis, the motion is denied. Having timely appealed from the judgment,[6] Appellant may proceed with her appeal.

---

[6] Under California Rules of Court, rule 8.104(a)(1), absent exceptions inapplicable here, the earliest deadline for filing an appeal is 60 days after notice of entry of the judgment. Here, the court filed its judgment on

10

B.   *Respondents Did Not Establish the Lack of a Private Right of Action*

Respondents next argue that the judgment should be affirmed, because there is no private right of action for the determination of what Appellant has alleged to be the SDCDA's failure to retain documents under section 26202. Respondents contend that the only remedies for the unlawful failure to retain documents are the criminal penalties set forth in sections 6200 and 6201 for the willful destruction of public records.[7]  According to Respondents, claims for the destruction of public records may be "pursued only by the district attorney."  We disagree.

In *County of Santa Clara v. Superior Court* (2009) 171 Cal.App.4th 119 (*County of Santa Clara*), the plaintiffs, in their capacity as taxpayers, filed an

---

November 24, 2020, and Appellant filed her appeal less a month later on December 18, 2020.  Respondents do not suggest that Appellant's appeal is untimely under rule 8.104(a)(1).

[7]    Section 6200 provides:  "Every officer having the custody of any record, map, or book, or of any paper or proceeding of any court, filed or deposited in any public office, or placed in his or her hands for any purpose, is punishable by imprisonment pursuant to subdivision (h) of Section 1170 of the Penal Code for two, three, or four years if, as to the whole or any part of the record, map, book, paper, or proceeding, the officer willfully does or permits any other person to do any of the following:  [¶]  (a) Steal, remove, or secrete.  [¶] (b) Destroy, mutilate, or deface.  [¶]  (c) Alter or falsify."

Section 6201 provides:  "Every person not an officer referred to in Section 6200, who is guilty of any of the acts specified in that section, is punishable by imprisonment pursuant to subdivision (h) of Section 1170 of the Penal Code, or in a county jail not exceeding one year, or by a fine not exceeding one thousand dollars ($1,000), or by both that fine and imprisonment."

Neither of these statutes is contained within the CPRA, section 6250 et seq.

11

action under Code of Civil Procedure former section 526a,[8] seeking declaratory and injunctive relief against: five cities, one town, and their six police departments and police chiefs; a county and its sheriff's department and sheriff; the state and its commissioner of highway patrol. (*County of Santa Clara*, at p. 124.) The plaintiffs alleged that the defendants implemented and enforced a number of specifically described policies and practices as to certain requests for public records in violation of the CPRA, the Political Reform Act (§ 81000 et seq.), section 12525 (which deals with the public records associated with the death of a person in custody), and Health and Safety Code section 11495 (which deals with funds received by law enforcement agencies). (*County of Santa Clara*, at p. 124.) The trial court overruled the defendants' demurrer, and the defendants obtained appellate review by way of a traditional writ proceeding. (*Id.* at p. 125.)

Like Respondents here, the defendants in *County of Santa Clara* argued that " 'the CPRA is the exclusive procedure for litigating disputes concerning access to public records,' " yet the CPRA provides no remedy for the alleged wrongs. (*County of Santa Clara*, *supra*, 171 Cal.App.4th at p. 128.) In response, like Appellant here, the plaintiffs in *County of Santa*

---

[8]    Both at the time of the filing of the *County of Santa Clara* action and at the time Appellant filed the present action, Code of Civil Procedure former section 526a provided in relevant part: "An action to obtain a judgment, restraining and preventing any illegal expenditure of, waste of, or injury to, the estate, funds, or other property of a county, town, city or city and county of the state, may be maintained against any officer thereof, or any agent, or other person, acting in its behalf, either by a citizen resident therein, or by a corporation, who is assessed for and is liable to pay, or, within one year before the commencement of the action, has paid, a tax therein." (Stats. 1967, ch. 706, § 1; see *County of Santa Clara*, *supra*, 171 Cal.App.4th at p. 124, fn. 4.)

*Clara* argued that, despite limitations in the CPRA, as taxpayers, Code of Civil Procedure section 526a allowed them to bring their claims for declaratory and injunctive relief against the defendants for policies and practices that allegedly violated the CPRA. (*Ibid*.)

Agreeing in part with the defendants, the *County of Santa Clara* court explained: "The judicial remedy set forth in the CPRA is available . . . *only* where the public entity is allegedly improperly withholding [public] records [subject to disclosure]. [Citations, quoting portions of §§ 6258, 6259, subds. (a)-(c).] The CPRA provides *no* judicial remedy . . . that may be utilized for any purpose other than to determine whether a particular record or class of records must be disclosed." (*County of Santa Clara, supra*, at p. 127.) Rather, "[t]he CPRA's judicial remedy is limited to a requestor's action to determine whether a particular record or class of records must be disclosed." (*Id*. at p. 130.)

Agreeing in part with the plaintiffs, the *County of Santa Clara* court nonetheless held that section 526a authorized the claims for declaratory and injunctive relief (based on alleged CPRA violations) by the plaintiffs *as taxpayers*, explaining: " 'Code of Civil Procedure section 526a permits a taxpayer to bring an action to restrain or prevent an illegal expenditure of public money. No showing of special damage to a particular taxpayer is required as a requisite for bringing a taxpayer suit. [Citation.] Rather, taxpayer suits provide a general citizen remedy for controlling illegal governmental activity. [Citation.] [¶] Citizen suits may be brought without the necessity of showing a legal or special interest in the result where the issue is one of public right and the object is to procure the enforcement of a public duty. [Citation.] Citizen suits promote the policy of guaranteeing citizens the opportunity to ensure that governmental bodies do not impair or

13

defeat public rights.' " (*County of Santa Clara, supra*, 171 Cal.App.4th at p. 129.)

The primary purpose of Code of Civil Procedure section 526a "is to 'enable a large body of the citizenry to challenge governmental action which would otherwise go unchallenged in the courts because of the standing requirement.' " (*Blair v. Pitchess* (1971) 5 Cal.3d 258, 267-268.) To achieve this remedial purpose, Code of Civil Procedure section 526a must be construed liberally. (*Blair,* at p. 268.) Applying this standard, we agree that "[t]he purpose of the CPRA is *furthered,* not obstructed, by citizen suits under Code of Civil Procedure section 526a to enforce the CPRA's provisions" by way of declaratory or injunctive relief. (*County of Santa Clara, supra*, 171 Cal.App.4th at p. 130.)

Accordingly, Appellant has standing to assert a private right of action for the violation of the CPRA that she alleges in the second cause of action of the Complaint.[9] Having rejected Respondents' procedural arguments, we turn to the substantive issue Appellant raises in her appeal.

C.      *Appellant Did Not Establish that the Trial Court Erred*

1.      *Additional Background*

In her appellate brief, Appellant tells us that, during discovery related to her first cause of action against Respondents (for failing to produce and/or

---

[9]      As we explain at part III.C., *post,* just because Appellant has *standing as a taxpayer* (Code Civ. Proc., § 526a) does not mean that she is able to *state a claim under the CPRA* for a violation of section 26202. In *County of Santa Clara,* the taxpayer standing issue arose as a pleading issue in the defendants' demurrer. (*County of Santa Clara, supra*, 171 Cal.App.4th at p. 125.) In the present appeal, in addition to standing, we are called on to review the trial court's ruling on the merits of Appellant's second cause of action—which we discuss at part III.C., *post.*

14

retain public records as required by law), she learned facts that caused her to amend her complaint to include the second cause of action (for having document retention policies that violate the law governing retention of public records). In particular, according to Appellant's opening brief, these "facts" are that "the SDCDA had a pattern and practice of destroying electronic public records on computers and portable devices (such as mobile phones and tablets) issued to SDCDA personnel upon termination of their employment, for that is what happened with equipment used by Dumanis." The record reference for these "facts," however, does not support, or have anything to do with, Appellant's recitation of such "facts."[10] Thus, we disregard these "facts" for purposes of understanding the evidence that was before the trial court. (*Delta Stewardship Council Cases* (2020) 48 Cal.App.5th 1014, 1079 (*Delta*); Cal. Rules of Court, rule 8.204(a)(1)(C).) Nonetheless, we accept Appellant's representation that she amended her complaint to add the second cause of action based on Respondents' responses to discovery conducted on the first cause of action.

In the second cause of action of her Complaint, Appellant alleges that "Respondents' document retention policies allow for the automatic destruction of some [electronic public records[11]] . . . in violation of the two-

---

[10] The record reference is to page 948, lines 19-21, of the appellant's appendix. Page 948 has no numbered lines and appears to be a half page of an email from Appellant to the SDCDA, narrowing the scope of her original CPRA request. It is dated four months before the filing of this action and a year before the discovery to which Appellant refers.

[11] While not entirely clear, we understand that Appellant's reference to "electronic public records" is to emails and text messages that that were "official records" on SDCDA employees' computers, tablets, mobile phones.

15

year minimum retention period prescribed by state law." For purposes of the evidentiary hearing, Appellant argued that section 26202 mandates that the County "may not destroy any 'record, paper, or document' — whether or not prepared pursuant to any state statute or the County charter — for at least two years." The trial court referred to this argument as Appellant's contention that section 26202 established "an absolute rule" precluding the County from destroying any document.

On appeal, Appellant tells us that the evidence submitted to the trial court at the hearing included the fact that "the SDCDA utilizes an agency e-mail system that automatically deletes *messages* after 90 days unless someone takes affirmative steps to preserve the *messages*." (Italics added.) This is not an accurate characterization of the language on which Appellant relies; in fact, it provides, "If an email message constitutes *an official record*, the user must take affirmative steps to save/retain the message because it will be deleted after 90 days if no steps are taken to preserve the message."[12]

Based on the testimony from the Assistant District Attorney for San Diego County, the uncontradicted evidence at the hearing established the following practices and policies of the SDCDA's office with regard to retention of electronic public records:

- All SDCDA employee "email messages are initially retained for a period of 90 days. During that time, the employee that sent or received the

---

[12] On appeal, Appellant does not discuss or provide authority as to what constitutes an "official record" for purposes of the SDCDA's record retention policy. Instead, she asserts with no authority—and for that reason we disregard (*Delta, supra*, 48 Cal.App.5th at p. 1079)—the statement: "There is no dispute that electronic records such as e-mail and text messages are themselves official records."

16

email must decide whether the email constitutes an 'official record.' 'Official records' are defined [in the SDCDA's written] policy. If an email is an official record, the employee must save the email into an archive folder, to SDCDA's case management system, and/or print a hard copy of the email and save it." The SDCDA is unaware of any employee failing to retain emails that constitute an official record under this policy, and Appellant did not produce any evidence to the contrary.

- None of the emails sent to or from a SDCDA employee's SDCDA-issued cellular telephone are "saved directly to the phone; they are all saved to the SDCDA network and an employee can save any and all emails sent to or from his or her SDCDA cell phone" in the manner described in the preceding bullet point. "Text messages are saved directly to the phones. The default setting on SDCDA cell phones is to save all text messages forever."

- "When an employee leaves the SDCDA office, it is that employee's responsibility to save all official records[, including emails and text messages,] to the appropriate place in the SDCDA system prior to departure. . . . After departure, the cell phone or tablet is sanitized/wiped so that it may be re-used by another SDCDA employee. This process is typically done within a few days of the former employee leaving the office. A former employee's laptop or desktop computer is held for 90 days after the employee leaves the office. After 90 days, the computer is sanitized/wiped so that it may be re-used by another SDCDA employee."

- "A former employee's transient emails — those that are not saved to an archive folder or to the SDCDA case management system — are

17

retained for 90 days after the employee leaves the office. After 90 days, the employee's emails are deleted."

• All SDCDA employees receive "substantial training" when they join the office. During this training, employees are: instructed to "save important documents, including those that qualify as official records"; shown how to access the SDCDA's policies and procedures regarding document retention and destruction; and "required" to familiarize themselves with these policies and procedures.

• The SDCDA "presume[s] and expect[s]" that its employees will perform their job duties in accordance with SDCDA policies and procedures, as well as the law—including specifically with respect to "retaining/saving documents pursuant to the [SDCDA's] document retention policies." The SDCDA is unaware of any employee who has not "follow[ed] the [SDCDA's] document retention policies and procedures."

In the trial court, Respondents did not argue that the SDCDA's record retention policies or procedures complied with section 26202. Instead, Respondents argued that section 26205.1 allowed the County Board of Supervisors to have authorized Resolution No. 17-170, which established the SDCDA's record retention policy at issue—i.e., the one described in the testimony above from the assistant district attorney.

As relevant to the issue on appeal, the trial court made a number of rulings. First, the court commented that Appellant did not identify any authority that "designat[ed] SDCDA's emails as 'official records' for purposes of this case." (See fn. 12, *ante*.) The court next concluded that, because section 26205.1 expressly delegates to a county board of supervisors the power to adopt a resolution authorizing the county officer with custody of "nonjudicial public records" to destroy "any or all of [them]" pursuant to

18

terms and conditions set forth in the statute, Appellant failed to meet her burden of establishing that section 26202 contains an "absolute rule" requiring the SDCDA to retain all documents for at least two years. Finally, the court ruled that Appellant did not show that the County Board of Supervisors violated any law in enacting Resolution No. 17-170, the County's record retention policy.

Appellant's specific claim on appeal is that "the SDCDA's pattern and practice of prematurely destroying official records by scrubbing the memory of electronic devices assigned to employees upon termination of their employment violates Government Code Section 26202."[13]

Consistent with their presentation in the trial court, Respondents do not contend on appeal that the SDCDA's record retention policies or procedures comply with section 26202. Instead, Respondents again argue that section 26205.1 allowed the County Board of Supervisors to have authorized Resolution No. 17-170, which established the SDCDA's record retention policy at issue. Issues related to compliance with section 26205.1 or Resolution No. 17-170, however, are not before us in this appeal.[14] The only

---

[13] Appellant also argues that, due to a lack of training and supervision of the SDCDA's employees as to the retention of public records, the SDCDA's policies and practices violate section 26202. This argument necessary fails, since Appellant does not rely on any evidence of the SDCDA's training or supervision of employees—let alone a lack thereof—regarding the retention of public records. In any event, Appellant's disapproval of certain of SDCDA's employment practices regarding training and supervision does not support a claim that the SDCDA's document retention policies—in theory or as applied—violate section 26202.

[14] Although Appellant argues on appeal both that Respondents are not in compliance with section 26205.1 and that the SDCDA's record retention policies violate Resolution No. 17-170, the trial court made no such rulings.

19

issue on appeal is whether the trial court erred in denying relief on Appellant's claim that the SDCDA's record retention policies violate section 26202.

Neither Appellant nor Respondents focus on the trial court's rulings. Such a presentation makes appellate review extremely difficult, since (with exceptions inapplicable here) the purpose of an appeal is not to decide the case on its merits, but to review trial court rulings for error. (See *In re Zeth S.* (2003) 31 Cal.4th 396, 405 (*Zeth S.*) [" 'essential distinction between the trial and the appellate court . . . [is] that it is the province of the trial court to decide questions of fact and of the appellate court to decide questions of law' "].) To this end, "a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.)

In her appellate briefing, Appellant does not once mention what she considers the trial court's error to be.[15] Instead, on appeal Appellant presents the same arguments and relies on the same evidence as she presented to the trial court, asking that we come up with a different ruling. An appeal is not "another bite at the apple," a "second chance," a "mulligan,"

This is not surprising, since Appellant neither alleged such violations in the Complaint nor included such issues for resolution by the trial court. Accordingly, Appellant forfeited appellate consideration of these arguments. (*Meridian Financial Services, Inc. v. Phan* (2021) 67 Cal.App.5th 657, 700 [appellate court is " 'loath to reverse a judgment on grounds' " not presented to the trial court].)

[15] The trial court's ruling is nine single-spaced typewritten pages with more than three pages devoted solely to the second cause of action.

or a "do-over" with the hope of achieving a better result from a different arbiter. It is the appellant's opportunity to explain specific legal errors that the appellant contends the trial court committed.

2. *Analysis*

We agree with Appellant (and Respondents) that, in reviewing the trial court's interpretation of a statute, we apply a de novo standard of review.[16] (*Smith v. LoanMe, Inc.* (2021) 11 Cal.5th 183, 190 ["The interpretation of a statute presents a question of law that [an appellate] court reviews de novo"].)

" 'When we interpret a statute, "[o]ur fundamental task . . . is to determine the Legislature's intent so as to effectuate the law's purpose. We first examine the statutory language, giving it a plain and commonsense meaning. We do not examine that language in isolation, but in the context of the statutory framework as a whole in order to determine its scope and purpose and to harmonize the various parts of the enactment. If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend. If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy." ' " (*City of San Jose, supra,* 2 Cal.5th at pp. 616-617 [interpreting the CPRA].) In the context of the present appeal,

_____

16     We disagree, however, with Appellant's suggestion that none of the facts "leading up to the trial court's ruling and final judgment" in this case are in dispute. Thus, to the extent Appellant believes that our de novo review includes making factual findings in the first instance, she is wrong. The purpose of an appeal is not to determine disputed issues (*especially* factual issues) in the first instance, but to review decisions of the trial court for error. (*Zeth S., supra,* 31 Cal.4th at p. 405.)

we proceed with an understanding and appreciation of " ' "the strong public policy of the people's right to information concerning the people's business (Gov. Code, § 6250), and the constitutional mandate to construe statutes limiting the right of access narrowly (Cal. Const., art. I, § 3, subd. (b)(2))." ' " (*City of San Jose*, at p. 617.)

Section 26202 is entitled "Destruction of old records" and provides in full:

> "The [county] board [of supervisors] may authorize the destruction or disposition of any record, paper, or document which is *more than two years old* and which was prepared or received in any manner other than pursuant to a state statute or county charter.  The board may authorize the destruction or disposition of any record, paper or document which is *more than two years old*, which was prepared or received pursuant to state statute or county charter, and which is not expressly required by law to be filed and preserved if the board determines by four-fifths ($^4/_5$) vote that the retention of any such record, paper or document is no longer necessary or required for county purposes.  Such records, papers or documents need not be photographed, reproduced or microfilmed prior to destruction and no copy thereof need be retained."  (Italics added.)

Appellant tells us that, based on section 26202, "the County (including the SDCDA) may not destroy *any* 'record, paper, or document' — whether or not prepared pursuant to any state statute or the County charter — for at least two years."[17]  (Italics added.)  *That is not what section 26202 says*.  It provides only that a county board of supervisors may authorize the

_____

[17]    This is the same "absolute rule" that Appellant presented to the trial court and on which the trial court based its decision that Appellant "failed to meet her burden of establishing that the absolute rule of section 26202 applies to [the] SDCDA."

22

destruction of a county public record "which is more than two years old"; and depending on whether the record at issue was "prepared or received pursuant to state statute or county charter" (and, if so, whether such record is "expressly required by law to be filed and preserved"), the authorization procedure is somewhat different. Very simply, section 26202 does not apply to all agency records. For example, an agency's records that were "prepared or received pursuant to state statute or county charter" *and* which are "expressly required by law to be filed and preserved" do not fall within the scope of section 26202.

Appellant suggests that, when section 26202 is considered along with sections 26205 and 26206.7, "together, these statutes clearly *imply* that official records less than two years old may not be destroyed unless they are duplicates and the original has been preserved." (Italics added.) We disagree. As we just explained, the plain and commonsense meaning of the language in section 26202 does not mandate that the County must retain all documents for at least two years. Where, as here, the statutory language permits only one reasonable interpretation, we do not consult other statutes to *imply* of a meaning that is contrary to the literal interpretation. (*City of San Jose, supra*, 2 Cal.5th at pp. 616-617.)

Focusing on what she characterizes as the SDCDA's "pattern and practice of destroying electronic public records on computers and portable devices . . . issued to SDCDA personnel upon termination of their employment," Appellant contends that, because departing employees' electronic devices "are wiped clean of all data without verification that any data requiring preservation have in fact been archived," the SDCDA's practice violates section 26202. However, Appellant did not make a showing in the trial court (and does not argue on appeal) that such electronic records

23

are in fact among those to which section 26202 applies; nor has she presented or described any "official record" of the SDCDA that she contends was not disclosed in violation of 26202.[18]  Appellant has not attempted to explain, for example, *either* whether this "data" were prepared or received pursuant to a state statute or county charter *or* whether this "data" are expressly required by law to be filed and preserved.

Instead, Appellant describes as "astounding" what she considers the SDCDA's "pattern and practice" of "scrubbing a departing employee's electronic devices clean of records."  This is a valid concern.  However, "astonishment" is not the standard of review we apply in an appeal from a judgment following an evidentiary hearing.  Here, based on the evidence presented, the trial court ruled that Appellant did not meet her burden of establishing that section 26202 contains an "absolute rule" that precludes the SDCDA from following its record retention policy—i.e., a policy that allows for the destruction of emails or text messages from the electronic equipment of a departing employee.  The language in section 26202 is unambiguous, and on the record before us, there has been no finding of any electronic record that the SDCDA failed to retain in violation of section 26202.  Further, Appellant's astonishment does not take into consideration the possibility that the SDCDA may have retained copies or otherwise complied with public records obligations, despite having "destroy[ed] electronic public records"

_____

[18]  In litigating her first cause of action, Appellant failed to establish that the SDCDA did not disclose any requested official record—which includes official records not retained by the SDCDA as a result of its pattern and practice of record retention.  That ruling is final, no longer subject to appellate review, and expressly unchallenged by Appellant in this appeal. (See pt. III.A. & fn. 5, *ante*.)

24

upon the termination of an electronic public record-holder's employment with the SDCDA.[19]

Finally, Appellant argues that, because Respondents' "pattern and practice" of record retention results in the destruction of electronic " 'official records' " less than two years old "without preserving a copy," Respondents' conduct is illegal and must be stopped. However, the trial court made no finding that Respondents do not maintain copies of destroyed records; Appellant provides no record reference for such a statement; and the uncontradicted evidence is that, with regard to electronic "Official Records" less than two years old and not retained by the SDCDA, the SDCDA's written policies and procedures require employees to save copies, and there are no known instances of employees who have not followed the SDCDA's record retention policies and procedures. Accordingly, we decline to consider Appellant's argument further.

In closing, we note that Appellant's reliance on public record retention or destruction in violation of section 26202 is misguided. Section 26202 does not direct or require that a county agency retain (or not destroy) public records. That is because "[the CPRA] itself does not undertake to prescribe what type of information a public agency may gather, nor to designate the

---

[19] We do not fault the trial court for not reaching issues regarding the SDCDA's compliance with Resolution No. 17-170. After ruling that Appellant failed to meet her initial burden, the trial court was not required to make findings as to Respondents' defense that its compliance with section 26205.1 eliminated any need to comply with section 26202. Although issues associated with section 26205.1 are not before us (see fn. 14, *ante*), we nonetheless note that, in its analysis of section 26205.1, the trial court found that, given the scope of what section 26205.1 allows a county to authorize for a record retention policy, section 26202 does not mandate an "absolute rule" that all of a county's documents must always be retained.

type of records such an agency may keep, nor to provide a method of correcting such records. *Its sole function is to provide for disclosure.*" (*Los Angeles Police Dept. v. Superior Court* (1977) 65 Cal.App.3d 661, 668, italics added; see *County of Santa Clara, supra*, 171 Cal.App.4th at pp. 127, 130 ["The CPRA provides no judicial remedy . . . that may be utilized for any purpose other than to determine whether a particular record or class of records must *be disclosed*. [¶] . . . [¶] . . . The CPRA's judicial remedy is limited to a requestor's action to determine whether a particular record or class of records must *be disclosed*." (Italics omitted and added.)]; § 6253.) Here, however, Appellant does not claim that Respondents' violation of section 26202 is based on the SDCDA's policies and practices as to document *disclosure* (i.e., the "sole function" of the CPRA); her claim is limited to document *retention* or *destruction*, which is not covered by the CPRA generally or section 26202 specifically. The obligation, if any, to retain official records is contained in other legislation.[20]

For the foregoing reasons, Appellant has not met her burden of establishing that the trial court erred in denying relief on her claim in the second cause of action of the Complaint that the SDCDA's document

---

[20] For example, in *Golden Door Properties, LLC v. Superior Court* (2020) 53 Cal.App.5th 733, 771, we observed that, for purposes of the CPRA, Public Resources Code section 21167.6, subdivision (e)(7) & (10) identified specified records in CEQA proceedings that "are required by law to be kept." Similarly, in *County of Santa Clara, supra*, 171 Cal.App.4th at page 124, the appeal involved Health and Safety Code section 11495, subdivision (a), and section 12525 as legislation that, for purposes of the CPRA, require the retention of records involving reports related, respectively, to the death of a person in custody and to funds received by law enforcement agencies.

retention/destruction policies with regard to specific electronic records violate section 26202.[21]

## IV.  DISPOSITION

Respondents' motion to dismiss the appeal is denied.  The judgment is affirmed.  Respondents are entitled to their costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(2).)


IRION, J.

WE CONCUR:


HUFFMAN, Acting P. J.


O'ROURKE, J.

---

[21]    We understand and appreciate Appellant's concern that the SDCDA disclosed only four records that were responsive to a CPRA request for records—including electronic communications—over a three-year time period of a person who served as the District Attorney of San Diego County. However, as we explained *ante*:  Section 26202, which deals with disclosure—not retention—of public records, does not provide a statutory basis for relief under the CPRA; Appellant failed to pursue appellate review of the SDCDA's disclosure under the CPRA; and the second cause of action in Appellant's Complaint does not raise issues related to the SDCDA's compliance with record retention requirements under SDCDA internal administrative procedures, Resolution No. 17-170, or legislation other than section 26202.

27